(93 South. 398)

## VINES v. BUCK. (6 Div. 617.)

(Supreme Court of Alabama. May 18, 1922.)

**Appeal and error** ⬅︎1039(5)—**Appellant cannot complain of rulings regarding pleadings, where he offered no proof of his complaint.**

Where appellant offered no proof of his complaint which was denied generally, he cannot complain of the rulings in regard to subsequent pleadings.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. C. Vines against F. B. Buck on attachment bond. From a judgment for defendant the plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It requires a plea in bar to sustain res adjudicata. 64 Ala. 311, 38 Am. Rep. 8; 19 Ala. 430, 54 Am. Dec. 194; 9 Ala. App. 265, 63 South. 27; 3 Stew. 226; 7 Ala. 622; 69 Ala. 126; 16 Ala. 9–17; 17 Ala. 738; 72 Ala. 368; 81 Ala. 150, 1 South. 259.

C. L. Odell and Huey & Welch, all of Bessemer, for appellee.

The appellant having failed and refused to state his case to the jury, or to put on evidence, authorized the court to render judgment for defendant, and such conduct operated as an abandonment of his case. 9 Ala. App. 377, 63 South. 772; 26 R. C. L. 1036; 85 South. 797; 38 Cyc. 1514; 67 South. 414; 70 South. 956; 77 South. 56; 16 Ala. App. 571, 80 South. 145.

SAYRE, J. Appellee, Buck, sued out an attachment against appellant, Vines, on various grounds and caused the same to be levied on the property of appellant. Thereupon appellant, as permitted by section 2966 of the Code, commenced this action in three counts, alleging in two of them that appellee had unlawfully, wrongfully, and maliciously procured the attachment to issue, and in the third counting on a breach of the bond required and given as preliminary to the issue of the attachment. The attachment suit came on first for trial, and was tried on a plea in abatement, denying the alleged grounds of attachment. On this plea judgment went for appellee, and in due course appellee had judgment for the amount of his claim. When the present cause came on for trial appellee pleaded in general denial of the complaint and several special pleas alleging as res judicata the judgment on the plea in abatement of the attachment suit. Demurrers to special pleas 4 and 6 being overruled, appellant filed a special replication, to which demurrer was sustained. After which, appellant, being directed by the court to proceed to the proof of his case, said nothing—offered no evidence. Whereupon the court gave judgment for the defendant appellee. The rulings in favor of special pleas 4 and 6 and against the special replication are assigned for error.

Appellant, having failed to offer any proof of his complaint, which was denied generally, is in no position to complain of the rulings in respect of subsequent pleadings. Andrews v. Hall, 132 Ala. 320, 31 South. 356; Cross v. Esslinger, 133 Ala. 409, 32 South. 10; Watson v. B. R., L. & P. Co., 150 Ala. 322, 43 South. 732; Pappot v. Howard, 154 Ala. 306, 45 South. 581; Culberson v. Empire Coal Co., 156 Ala. 416, 47 South. 237; Priebe v. Southern, 189 Ala. 427, 66 South. 573.

The trial court's rulings might be justified on other sufficient grounds; but enough. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.