(106 So. 396)

**MILLER et al. v. MUTUAL GROCERY CO.**
**(5 Div. 928.)**

(Supreme Court of Alabama.  Nov. 27, 1925.)

1. **Pleading** ⟳20—**Count alleging liability on two or more grounds stated in alternative is demurrable unless cause of action is shown under each alternative.**

Where liability is alleged in two or more grounds stated in the alternative, count is demurrable unless good cause of action is shown under each alternative.

2. **Sales** ⟳353(1)—**Sale at "instance" of defendant in action for price of goods may be construed to mean at his solicitation or suggestion.**

The word "instance," as used in complaint in action to recover amount due "for goods, wares, and merchandise sold by plaintiff to the defendants or at their instance or request," *held* subject to construction as meaning "solicitation" or "suggestion."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Instance.]

3. **Sales** ⟳17—**For one, at whose suggestion or solicitation goods are sold to another, to become liable for the price, there must be agreement that relation of debtor and creditor exists.**

For one, at whose suggestion or solicitation goods are sold to another, to become liable for the price, there must be mutual agreement, express or implied, that relation of debtor and creditor exists.

4. **Sales** ⟳353(3) — **In action for price of goods, demurrer to count not naming person to whom goods were sold held improperly overruled.**

In action for price of goods, overruling demurrer to count of complaint that goods were sold by plaintiff to defendants or at their instance or request *held* improper, because count did not name person to whom goods were sold.

5. **Sales** ⟳353(8)—**Count of complaint construed as based upon original cause of action for price of goods sold.**

Count of complaint, alleging that goods were sold by plaintiff at the request of defendants who agreed to pay therefor, and that defendants drew draft payable to plaintiff for the price of goods, which draft was duly presented and payment refused, construed as based upon original cause of action for price of goods sold.

6. **Sales** ⟳353(8)—**Demurrer to count in complaint properly overruled.**

Demurrer to count in complaint, alleging that goods were sold at request of defendants, who agreed to pay therefor, and that draft given by defendants for price of goods was dishonored, *held* properly overruled, since upon dishonor of draft original cause of action remained.

7. **Appeal and error** ⟳1031(2)—**Unless from whole record it appears error in rulings upon pleadings probably injuriously affected substantial rights of parties, cause on appeal will not be reversed.**

Since injury is not presumed from error in rulings upon pleadings unless from whole record it appears that error has probably injuriously affected substantial rights of the parties, cause on appeal will not be reversed because of such error.

8. **Trial** ⟳145—**In action for price of goods, held that error could not be predicated on refusal to exclude by charge certain count.**

In action for price of goods, error cannot be predicated on refusal to exclude, by charge, count that goods were sold at request of defendant, where there is evidence that defendants were purchasers of the goods.

9. **Appeal and error** ⟳905—**On appeal court assumed that evidence and court's oral charges not made part of record by appellant would not have aided his case.**

Since it is incumbent upon an appellant to show not only error in rulings upon pleadings, but also that he was probably injured thereby, appellate court assumed that, if evidence and court's oral charges would have aided his case, they would have been made part of record.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action by the Mutual Grocery Company against J. B. and J. R. Miller, with attachment in aid of suit.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Grady Reynolds and Omar Reynolds, both of Clanton, for appellants.

A count seeking to recover for goods, wares, and merchandise sold by plaintiff to defendant is demurrable, if it fails to show a promise by defendant to pay for said goods, or facts from which such promise would be implied.  Kelly v. Burke, 132 Ala. 235, 31 So. 512; Dixie Ind. Co. v. Manly, 2 Ala. App. 365, 57 So. 49; Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398; McCrary v. Brown, 157 Ala. 519, 50 So. 402; Chickering & Sons v. Bromberg, 52 Ala. 528; Code 1923, § 9531, form 10.  No suit can be maintained on a negotiable draft or order, unless accepted in writing by the drawer.  Code 1923, §

9152; Ex parte Payne Lbr. Co., 205 Ala. 259, 87 So. 876.

L. F. Gerald, of Clanton, and Mulkey & Mulkey, of Geneva, for appellee.

Count 2 is sufficient. Knight I. & M. Co. v. Orr, 202 Ala. 677, 81 So. 633. If count 2 were defective, no prejudicial error resulted to defendant. Henderson v. T. C. I. Co., 190 Ala. 126, 67 So. 414; Fulton v. Watt, 209 Ala. 408, 96 So. 184.

BOULDIN, J. Count 2 of the complaint is to recover amount due "for goods, wares, and merchandise sold by plaintiff to the defendant or at their instance or request."

[1, 2] When liability is alleged on two or more grounds, stated in the alternative, the count is demurrable unless a good cause of action is shown under each alternative. Construed most strongly against the pleader, a sale at the "instance" of defendant may mean at his "solicitation" or "suggestion." Webster's International Dict.

[3] Clearly a sale may be made to one person at the solicitation or on the suggestion of another, without the latter becoming the debtor. There must be a mutual agreement, express or implied, that the relation of debtor and creditor exist.

[4] This count also fails to name the person to whom the goods were sold at defendant's instance. Reasonable certainty, such as will advise the defendant of the particular transaction he is called upon to defend, is an elementary rule of pleading. Where one person is being sued for goods sold to another, the name of the purchaser should be shown. There was error in overruling the demurrer to this count.

Count 4, however, is "for goods, wares, and merchandise sold by the plaintiff to one W. L. Guin, at the instance and request of defendants, for which goods, wares, and merchandise the defendants, at the time of making such request as a part thereof, agreed to pay plaintiff." This count meets the objections to count 2. No question of its sufficiency is presented in argument.

Count 5 adopts all of count 4 and adds that at the time of the sale defendants, through B. P. Watson, their authorized agent, drew a demand draft on defendants, payable to plaintiff, for the price of the goods, which draft was duly presented and payment refused.

[5] We construe this count as based upon the original cause of action, the price of goods sold, and not upon the unpaid and unaccepted draft, as in count 6. The added averments give further details of the transaction. The count as a whole alleges in effect that plaintiff sold the goods to Guin on defendants' request and agreement at the time that they would presently pay for the goods, and accordingly their agent, in his own name, drew a demand draft on defendants in plaintiff's favor, the payment of which was refused. Under this count defendants were the debtors.

[6] The draft given as conditional payment being dishonored, the original cause of action remained. The demurrer thereto was properly overruled.

The record shows no demurrer to count 6. The appeal is upon the record only. There was no nonsuit for adverse rulings, but a trial upon issue joined with jury and verdict for plaintiff. There is no bill of exceptions, and the oral charge of the court is not made a part of the record.

[7] Injury is not presumed from error in rulings upon pleadings. Unless from the whole record it appears the error has "probably injuriously affected substantial rights of the parties," the cause will not be reversed because of such error. It is "incumbent upon an appellant to not only show error but also that he was probably injured thereby." Henderson v. T. C. I. Co., 190 Ala. 126, 67 So. 414; Fulton v. Watts, 209 Ala. 408, 96 So. 184; Sup. Ct. Rule 45.

In the absence of a bill of exceptions setting out the evidence, we have no knowledge whether the evidence presented any issue on the defective alternatives of count 2 of the complaint. Neither are we advised what instructions may have been given thereon.

In Henderson v. T. C. I. Co., supra, it was held that we may look to the entire record, including refused charges, to determine whether there was probable injury. It appearing in that case that the court refused to charge out a defective count on request, this was held to indicate that there was evidence in support of the count, and the submission of the issue on the bad count worked probable injury.

[8] In the present case the court refused the affirmative charge as to count 2. But here one alternative of count 2 was good. A refusal to charge out the entire count would be warranted by any evidence that the defendants were the purchasers of the goods. The court refused like charges as to counts 4 and 5, and by the same presumption there was evidence in support of these counts. For aught that appears, the plaintiff may have been entitled to the affirmative charge.

Taking the entire record, it rather appears that counts 4 and 5, added by amendment, were intended to amplify the case intended to be made by count 2, and presented the issues on which the case was tried.

[9] Applying the rule that appellant must not only show error, but probable injury therefrom, we assume that if the evidence and the court's oral charge would have aided appellants' case, they would have been made part of the record in this court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.