(107 So. 810)

## BELL v. BROTHERHOOD OF RAILROAD TRAINMEN. (6 Div. 489.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Appeal and error ⬅1040(4)—Sustaining defendant's demurrers to plaintiff's counts was held harmless, where plaintiff obtained full benefit of stricken counts under other counts.**

Sustaining defendant's demurrers to plaintiff's counts was *held* harmless, where plaintiff obtained full benefit of stricken counts under other counts, demurrer to which was overruled, and which required no more proof to establish.

**2. Appeal and error ⬅1040(13).**

Overruling plaintiff's demurrer to special pleas *held* not ground for reversal, where defendant pleaded general issue, and court might have found for defendant.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action to recover strike benefits by Thomas G. Bell against the Brotherhood of Rail-

road Trainmen. From a judgment for defendant, plaintiff appeals. Affirmed.

Walter S. Smith, of Lineville, for appellant.

Counsel argue for error in rulings on pleading, but in view of the decision it is not necessary that brief be here set out.

Altman & Taylor and Fred G. Koenig, all of Birmingham, for appellee.

Where the appeal of a case tried on its merits is on the record proper, and the record discloses no prejudice in overruling appellant's demurrers, the only assignment of error, reversal is prohibited under rule 45. 60 So. 14; Thomas v. McArdle, 93 So. 395, 207 Ala. 521; Black v. Sloss-Sheffield, etc., Co., 80 So. 794, 202 Ala. 506. Where verdict might have been rested on plea of general issue on merits, ruling on demurrer to special plea will not be reviewed in the absence of bill of exceptions. Street v. Treadwell, 82 So. 28, 203 Ala. 68.

ANDERSON, C. J. [1] This case comes here upon the record proper; there being no bill of exceptions, notwithstanding there was a judgment for the defendant. The trial court sustained the demurrers to many of the counts, and, whether properly so or not, this action was without injury to the plaintiff, as he got the full benefit of these counts under count I and amended count D, to which the demurrer was overruled as these counts in varying form and language state the identical cause of action as the counts that were eliminated. Indeed, count I perhaps required less proof to establish the cause of action than some of the counts that were put out of the case and no more than any of them as to material facts. Counsel for the appellant, in his brief, proceeds upon the idea that the demurrer was sustained as to count I, but the judgment entry shows that the demurrer was overruled.

[2] Appellant complains that the trial court erred in overruling his demurrer to many of the special pleas. It is sufficient to say that it does not appear that plaintiff sustained any injury as to this ruling. The general issue was pleaded, and, from aught appearing, the plaintiff failed to make out a prima facie case, and the trial court may have found for the defendant for this reason. Andrews v. Hall, 31 So. 356, 132 Ala. 320; Vines v. Buck, 93 So. 398, 207 Ala. 523, and cases there cited.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.