(110 So. 133)

# HIMES v. MASONIC MUT. LIFE ASS'N OF DISTRICT OF COLUMBIA. (3 Div. 775.)

(Supreme Court of Alabama. Nov. 4, 1926.)

**1. Contracts ⬤➡152.**

Qualifying words in contract will be intended as qualifying only immediate antecedent, unless contrary intention is apparent from other provisions of contract in light of its general purpose.

**2. Insurance ⬤➡84(6)—Allegation that defendant and company to which agent had transferred services, were engaged in granting benefits, under term and ordinary life policies, sufficiently alleges that they are engaged in granting similar benefits, within contract clause forfeiting right to renewal commissions on engaging in such competitive employment.**

Allegation that mutual benefit association and another life insurance company, to which agent had transferred his services, were engaged in granting benefits, under term insurance and ordinary life policies, sufficiently alleges that both companies were engaged in similar business, within contract prohibiting agent from transferring services to another company granting similar benefits, regardless of differences in organization and operation of two companies.

**3. Contracts ⬤➡116(3).**

Contract by insurance agent forfeiting right to commissions on renewals, if he works for another company granting similar benefits within two years after termination of his contract, held valid.

**4. Appeal and error ⬤➡544(1).**

Where it did not appear whether insurance agent made out case against principal for commissions on renewals or whether judgment in his favor was not fully responsive to proof, judgment of trial court cannot be reversed on record proper without bill of exceptions.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Thomas A. Himes, Jr., against the Masonic Mutual Life Association of the District of Columbia. Being dissatisfied

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

with the judgment in his favor, plaintiff appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Lee & Graves, Henry C. Meader, and Ball & Beckwith, all of Montgomery, for appellant.

Forfeitures are not favored in law, and when contained in a contract are to be construed most strongly against those in whose favor they operate. Cherokee, L. I. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Equitable L. Assur. Soc. of United States v. Golson, 159 Ala. 508, 48 So. 1034; Continental Cas. Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas. 1914D, 377. Where a contract is prepared by one of the parties, and embodies in it such conditions as is deemed proper, it is the duty of such party to use language so clear and plain that the other party cannot mistake or be misled as to the duties and burdens imposed on him. 4 Page, Contr. 3554; Wallace v. German-American Ins. Co. (C. C.) 41 F. 744; Manufacturers' Acc. Indemnity Co. v. Dorgan, 58 F. 945, 7 C. C. A. 581, 22 L. R. A. 620; Berliner v. Travelers' Ins. Co., 121 Cal. 458, 53 P. 920, 41 L. R. A. 467, 66 Am. St. Rep. 49; McEvoy v. Security Fire Ins. Co., 110 Md. 275, 73 A. 157, 22 L. R. A. (N. S.) 964, 132 Am. St. Rep. 428. A contract is always construed most strongly against the party in whose words it is expressed. Livingston v. Arrington, 28 Ala. 424; Minge v. Greene, 176 Ala. 343, 58 So. 381. Reasonableness to be determined from the special circumstances is the test of the validity of a covenant against competition. Freudenthal v. Espey, 45 Colo. 488, 102 P. 280, 26 L. R. A. (N. S.) 961; Reeves v. Decorah Farmers' Co-op. Soc., 160 Iowa, 194, 140 N. W. 844, 44 L. R. A. (N. S.) 1104. See, also, 2 Joyce on Ins. § 697d; Herrick v. N. Y. Life Ins. Co., 202 Mass. 478, 88 N. E. 1092; Sutherland v. Conn. Mut. Life Ins. Co., 87 Misc. Rep. 383, 149 N. Y. S. 1008; Babbit v. Cent. Life Ins. Co., 93 Kan. 564, 144 P. 837; Clarke Drug Co. v. Boardman, 50 Neb. 687, 70 N. W. 251; Jacobson v. Conn. Mut. Life Ins. Co., 61 Minn. 330, 63 N. W. 740; Stagg v. Conn. Mut. Life Ins. Co., 10 Wall. 589, 19 L. Ed. 1038; Chase v. N. Y. Life Ins. Co., 188 Mass. 271, 74 N. E. 325; Herrick v. N. Y. Life Ins. Co., 202 Mass. 478, 88 N. E. 1092.

John V. Sees, of Huntington, Ind., Roger J. Whiteford, of Washington, D. C., and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The judgment rendered was general. For aught appearing, this judgment was all that the evidence warranted. There is nothing presented for review. Bell v. Brotherhood of Railroad Trainmen, 214 Ala. 302, 107 So. 810. The phrase "granting similar benefits" does not modify or relate to "life insurance company or society," but only to the words "other organization." Seiler v. State, 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448; Quinn v. Lowell, 140 Mass. 106, 3 N. E. 200. At any rate, "similar" does not mean "identical." Webster's Dictionary; Greenleaf v. Goodrich, 101 U. S. 278, 25 L. Ed. 845; Standard Fireproofing Co. v. St. Louis Fireproofing Co., 177 Mo. 559, 76 S. W. 1008. The clause providing for forfeiture of renewals is not in restraint of trade. Sutherland v. Conn. Mut. Life Ins. Co., 87 Misc. Rep. 383, 149 N. Y. S. 1008. Even so, the restriction is reasonable and valid. McCurry v. Gibson, 108 Ala. 453, 18 So. 806, 54 Am. St. Rep. 177; Hursen v. Gavin, 162 Ill. 377, 44 N. E. 735; Washburn v. Dosch, 68 Wis. 436, 32 N. W. 551, 60 Am. Rep. 873.

SOMERVILLE, J. This action was brought by the appellant for the recovery of "first year premiums, bonuses, and commissions on renewal, under contract with the [defendant] association as deputy and as branch manager." The defendant pleaded several special pleas and the general issue, on which the case was tried, after demurrers were sustained to plaintiff's replications to the special pleas.

The appeal is on the record proper, without bill of exceptions, and the only question presented is upon plaintiff's right to recover commissions on renewals accruing after the termination of his contract with defendant—he having within two years thereafter worked for the Mutual Life Insurance Company of New Jersey, engaged in the regular business of life insurance, in the territory covered by his contract with defendant—in view of this clause in his contract, viz:

"If the deputy [plaintiff] shall violate the terms of this contract, or work directly or indirectly, for any other life insurance company or society or other organization granting similar benefits within two years from the termination of this contract in the territory covered thereby, then all right to any renewals hereunder shall be forfeited."

[1] The natural and ordinary meaning of this provision is that the right to commissions on renewals is lost if the deputy transfer his services to any other life insurance company or society, or to any other organization granting benefits similar to those of life insurance companies or societies—this on the familiar principle that a qualifying word or clause will be intended as qualifying only its immediate antecedent, rather than others more remote. Seiler v. State, 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448; Wartensleben v. Haithcock, 80 Ala. 565, 568, 1 So. 38. This intendment is, of course, not conclusive, and it will be denied where a contrary intention is apparent from the context and other provisions of the contract or statute, read in the light of its general purpose and design. Cases, supra.

[2] But, even conceding that the clause in question was intended to apply to all of its antecedents, we think it is clear that, under the allegations of defendant's special pleas, the Mutual Life Insurance Company of New Jersey is a company granting benefits similar to those provided for by defendant—the pleas showing that:

"Both defendant and the said other life insurance company were at each and all of said times engaged in the life insurance business and granted benefits to their respective policy holders under term insurance policies, under ordinary life policies, and under 10, 15, and 20 year paid policies."

The purpose of the inhibitory provision manifestly is to withdraw continuing compensation from defendant's discharged deputy if he should, within the stated period, enter the service of a substantially competing company within that territory, carrying with him the special knowledge and good will acquired in the service of defendant. The pleas show a breach of the inhibition, according to its plain intention.

Points of difference in the organization and operation of the two companies and the limitation of defendant's policies and benefits to members of the Masonic order, as asserted in plaintiff's replications to the pleas, do not change the similarity of benefits nor the fact of competition, and hence do not invalidate the pleas.

[3] Such stipulations are valid and binding, as has been well stated and explained by the Supreme Court of New York:

"There was no absolute right to these renewal commissions. The parties had a perfect right to agree upon the conditions upon which the renewal conditions should depend, and the plaintiff having agreed to remain out of the insurance business for any other company as a condition of receiving the renewal premiums, he is not in a position to claim the commissions after having engaged with the New England Life Insurance Company. The contract violates no public policy. It does not obligate the plaintiff to desist from earning a livelihood in the insurance business. It merely provides that, if he elects to engage in such business during the running of the policies which he has written, he will not demand the commissions upon the renewals. This was a lawful condition. The plaintiff had a perfect right to stipulate as to the conditions on which he was to receive renewal commissions, and no case has yet held under these circumstances that a plaintiff was entitled to recover. If the plaintiff had, in fact, remained in the employment for two years or more, he would not, under the facts as they now appear, be entitled to the renewal commissions; for he has voluntarily waived his rights thereto by accepting employment in a rival company. * * * All his rights to renewal commissions depend upon the proviso of the contract that he should not accept employment by another company." Sutherland v. Conn. Life Ins. Co., 87 Misc. Rep. 383, 149 N. Y. S. 1008.

See, also, Chase v. N. Y. Life Ins. Co., 188 Mass. 271, 74 N. E. 325.

[4] We have disposed of appellant's contention upon its merits. But, in any event, we could not reverse the judgment of the trial court on the showings merely of the record proper, since it does not appear whether plaintiff made out any case whatever for commissions on renewals, or whether, if so, the judgment rendered was not fully responsive to the proof made, regardless of the defense set up in the special pleas. Bell v. Brotherhood of Railroad Trainmen, 214 Ala. 302, 107 So. 810.

The judgment must therefore be affirmed. Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.