167 So. 313

**KIKER v. SOVEREIGN CAMP, W. O. W.**

**7 Div. 287.**

Supreme Court of Alabama.

April 9, 1936.

Roy M. Woolf and John D. Bibb, both of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

FOSTER, Justice.

This is an action on a fraternal benefit policy of insurance on the life of a member.

Defendant pleaded (1) the general issue, and (2) that insured had been suspended for nonpayment of dues, pursuant to the provisions of the policy and by-laws of the order. It then set out the terms of the provision for reinstatement, providing that after 10 days, and within 3 months after suspension, he must pay all arrearages to the clerk of the local camp (or financial secretary, other designated), and deliver to

him a statement of his good health, and that no reinstatement shall be effective unless he be in fact then in good health, and shall so continue for 30 days. It then alleged that on a date which was more than 10 days, and less than 3 months, he paid to the said clerk the amount of arrearages, for which a receipt was given alleging that the same shall be held in trust until all requirements are complied with; and that he was not then in good health, but suffering from an ailment from which he died within 30 days; or that if he was not then in bad health, he did not continue in good health for 30 days, for that he died within that time. Other allegations are not necessary here to relate. There is no assignment of error which presents the sufficiency of this plea.

Plaintiff then filed replications, demurrers to all were sustained, except those lettered C and E.

■ The first assignment is as to the ruling on replication No. 13. But we think there is no material legal difference between that and C, of which plaintiff had the benefit. There is no legal difference between alleging knowledge of a fact, and knowledge of other facts which suggested inquiry which if pursued would lead to knowledge of that fact. Ala. Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311.

Since no further question as to replication C is presented, no further reference will be made to it.

The only other assignments relate to the sufficiency of defendant's rejoinders 1 and 2 to replication E, since the court overruled demurrer to those rejoinders as well as to replication E. That replication alleged that one E. G. Thompson was an agent of defendant with authority to collect dues from this insured whether in arrears or not, and reported to defendant the nonpayment of January and of February dues in due time, and that acting in the line of his duty as such agent he did on March 11th collect the amount of such arrearage, and required no statement of good health, but that he then knew that insured had the ailment set out in the plea, and accepted such payment and promptly sent the amount to defendant, and which was promptly received by defendant, who knew that insured had been suspended; and accepted such payment and retained same until after insured died; and that the dues for March were also duly paid to defendant on its

demand, which were also retained until after the death of insured.

Rejoinder No. 1 to this replication, to which demurrer was overruled, alleges: (a) That the said E. G. Thompson was the financial secretary of the local lodge of which insured was a member, and set out the provision of the by-laws limiting his powers, and providing that he may not waive any of the provisions of the constitution, laws, and by-laws of the association, and that his acts were done solely in pursuance of his duties as such financial secretary. It also alleges: (b) That said Thompson, in addition to being such financial secretary of the local lodge, was also an organizer for defendant by authority of sections 98 and 99 of the constitution, laws, and by-laws, under a written contract set out in hæc verba. In substance it was that he should organize camps, devoting his entire time to it, and to visit, harmonize, and increase the membership of existing camps, without creating any debt on the association; shall make weekly reports to the state manager; for all of which his compensation is fixed, including the entrance fees which he collects; that he will forward to the association the application fee of $1 to be collected from all accepted applicants; but that Thompson, in the transactions with insured, acted in pursuance of his duties as financial secretary of the local lodge, and not as an organizer as defined in the foregoing contract, and had no power to waive any of the conditions of the constitution, laws, and by-laws. The sufficiency of this rejoinder includes the inquiry of whether Thompson, as an organizer, had the authority to waive the conditions of reinstatement, notwithstanding the fact that as financial secretary he had no such power.

■ But if one occupies two positions of agency for his principal, with different powers and authority, his conduct as an agent should be referred to that position which includes his authority to do the act, although he signs his name and purports to act in the capacity of his relation which does not include the power. In any event, the one person is acting for his principal. If he has authority from the principal, the latter ought to be bound, although the agent purports to act in a capacity which does not carry such authority. If we can find it in his contract as organizer, it ought to bind defendant under the circumstances. But a careful examination of the contract set out in this rejoinder does not show any authority

as organizer to collect dues, except the entrance fee, which he can retain as his own, and the application fee which he must remit to the association. His only authority to receive the dues here in question is as financial secretary or clerk of the local camp or lodge. As such, the constitution, laws, and by-laws provide that he cannot waive any of its features, and section 8477, Code, gives force to such a provision.

■ At the time 'this court rendered the decision in United Order of G. C. v. Hooser, 160 Ala. 334, 49 So. 354, the Legislature had not passed the act of 1911, containing what is now section 8477, Code. Under that decision local camps and their officers were agents of the association with authority to waive conditions. But since its enactment and adoption in the constitution, laws, and by-laws of the associations, the acceptance by the clerk of a local camp of a regular assessment with knowledge of the breach of a condition is not alone a waiver of the forfeiture, though the amount is forwarded to the sovereign camp. Sov. Camp, W. O. W., v. Allen, 206 Ala. 41, 89 So. 58; Sov. Camp, W. O. W., v. Tucker, 206 Ala. 562, 90 So. 801; Yarbrough v. Sov. Camp, W. O. W., 210 Ala. 188, 97 So. 654; Sov. Camp, W. O. W., v. Gay, 207 Ala. 610, 93 So. 559; Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156. But the supreme camp and its officers may waive conditions which are made for the benefit of the association. Sov. Camp, W. O. W., v. Eastis, 210 Ala. 29, 96 So. 866; Yarbrough v. Sov. Camp, W. O. W., supra. And so may an agent with authority to accept payment of the arrearages (Pac. Mut. Life Ins. Co. v. Hays, 202 Ala. 450, 80 So. 834; U. S. H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117), provided his power is not limited as by section 8477, Code, in connection with the constitution, laws, and by-laws of the association fixing such limitation.

■ But since Thompson's only authority to collect arrearage was as financial secretary, and as such he had no power to waive conditions, there was no such waiver by him.

■ It is argued that the pleadings show that the waiver was made by the general officers. They show that the dues were collected by the financial secretary after a suspension was created, and with knowledge that to be reinstated insured must have furnished a certificate of health and be in good health.

None of the pleadings now under consideration allege that the home office was notified that the certificate was not filed, or that he was not in good health, although the financial secretary knew that those conditions to reinstatement did not exist. Rejoinder No. 2 alleges that Thompson never communicated to the general officers or agents that those conditions did not exist, and that they had no notice from other sources. It does not appear that it was his duty to do so, so that it will not be inferred from the absence of such negation in rejoinder No. 1 that it was done.

There is nothing, therefore, in the pleadings referred to which imputes such knowledge to the general officers, unless the existence of that knowledge by the financial secretary or organizer is sufficient. We do not think that such notice is imputed, because there is not shown to be a duty by either of such officers to make known those facts to the general officers or agents, and it is specifically denied in rejoinder No. 2 that such notice was given in fact. Mere knowledge by the financial secretary of the local camp has been held not to be notice to the Sovereign Camp, though acquired while acting in such capacity, because of the restrictions authorized by section 8477, Code, when provision is made in the constitution, laws, and by-laws. Sov. Camp, W. O. W., v. Allen, supra.

The sole question we are now considering is the sufficiency of rejoinders 1 and 2. We think, therefore, that those rejoinders are not subject to the objections which we have discussed, and which are argued in the brief.

■ Moreover, there was the general issue pleaded to the complaint, in addition to special pleas. That put the burden on plaintiff to prove a prima facie case as made by the complaint. There is no bill of exceptions showing that plaintiff met that burden, and the only charge given to the jury was an affirmative instruction for defendant which may have been on the ground that plaintiff did not meet the burden thus made. Bell v. Brotherhood of R. R. Trainmen, 214 Ala. 302, 107 So. 810; Vines v. Buck, 207 Ala. 523, 93 So. 398; Street v. Treadwell, 203 Ala. 68, 82 So. 28.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.