171 So. 359
JONES v. SOVEREIGN CAMP, W. O. W.

4 Div. 918.

Supreme Court of Alabama.

Dec. 17, 1936.

L. A. Farmer and E. S. Thigpen, both of Dothan, for appellant.

W. L. Lee, of Dothan, for appellee.

[1] Bank of United States v. Manheim, 264 N.Y. 45, 189 N.E. 776; Leask v. Dew, 102 App.Div. 529, 92 N.Y.S. 891.

GARDNER, Justice.

Suit upon a benefit certificate, with trial on an agreed statement of facts, resulting in the affirmative charge being given in behalf of the defendant fraternal organization.

Coy Jones, the insured, became ill, and was carried to the hospital on March 9, 1933, where he died on April 22d, following.

Defendant insists that at the time the insured became ill he was suspended, and his certificate void because of a failure to pay his monthly installment due February 1, 1933, which became delinquent on March 1, 1933, the February installment not having been paid until March 11, 1933, at which time insured was ill in the hospital, without the knowledge of either the secretary of the local camp or of the Sovereign Camp.

The learned trial judge in his opinion rendered on motion for new trial laid stress upon the provision found in the constitution and by-laws of defendant organization having reference to suspended members and payments made for the purpose of again acquiring membership.

It may be conceded that, if insured is to be regarded as a matter of law a suspended member, then under the agreed facts the trial court's conclusion finds ample support in Sovereign Camp, W. O. W., v. Cox, 221 Ala. 58, 127 So. 847; Sovereign Camp, W. O. W., v. Lambert, 228 Ala. 440, 153 So. 627; and Kiker v. Sovereign Camp, W. O. W., 232 Ala. 151, 167 So. 313.

But we think the error lies in assuming insured occupied the position of a suspended member at the time of his death. As to whether or not such was the case we are persuaded a jury question was presented. The suspension, as previously observed, is claimed to have resulted from a failure to pay the assessment for February, 1933, before March 1, 1933—the payment having been made on March 11, 1933. The agreed statement of facts, however, discloses that the February assessment was paid just as all previous assessments were paid, with the exception of that for December, 1931, which was paid when the policy was issued November 23, 1931. The following excerpts from the agreed statement of facts will better illustrate the point:

"That other assessments and camp dues on the policy or certificate issued by the defendant to Coy Jones were paid by the said Coy Jones, or for the said Coy Jones, to T. M. Holland, Financial Secretary for local camp No. 131 W. O. W. at Dothan, Alabama, as follows to-wit:

"February 10th, 1932, for January assessment,

"March 3rd, 1932, for February assessment,

"April 12th, 1932, for March assessment,

"May 5th, 1932, for April assessment,

"June 8th, 1932, for May assessment,

"July 8th, 1932, for June assessment,

"August 3rd, 1932, for July assessment,

"September 5th, 1932, for August assessment,

"October 3rd, 1932, for September assessment,

"November 5th, 1932, for October assessment,

"December 6th, 1932, for November assessment,

"January 7th, 1933, for December assessment,

"February 13th, 1933, for January assessment.

"9. That all payments or assessments on said policy or certificate above set out were sent by the said T. M. Holland, to the Financial Secretary of the defendant, together with reports showing from whom and on what dates the said assessments were collected.

"10. That the payments of assessments on said policy or certificate above set out were received by the Secretary of the defendant, were retained by the defendant and were credited by the said Secretary to the Sovereign Camp Fund as provided in section 63 (a) of the constitution and by-laws of the defendant.

"11. That the defendant association did not notify the said Coy Jones that he was suspended for the nonpayment of any of the above installments by reason of not paying the same before the last day of the month on which the same was due, but the defendant did claim that Coy Jones was suspended on March 1, 1933, for failure to pay the February 1933 assessment before March 1, 1933.

"12. That the defendant credited the said Coy Jones on its books and the Sovereign Camp Fund with the payment of the assessment above set forth."

It further appears that one Yates is secretary of the Sovereign Camp, Woodmen of the World, and was such secretary during the years 1931, 1932, and 1933; that as such secretary he is chief recording, accounting, and correspondence officer of defendant association in charge of its books, records, and files, receives all applications for membership and causes to be prepared and forwarded for delivery, all certificates of membership on accepted applications; that he, as such secretary, receives from the financial secretary of the various local camps all Sovereign Camp assessments and installments thereof paid to such financial secretary for the members of the respective camps, and conducts the correspondence relative to the above stated matters.

From these facts, therefore, the jury might reasonably infer that the secretary of the Sovereign Camp, who had full authority in the premises, was informed and understood from the returns and reports of the secretary of the local camp that insured was habitually paying his assessment for one month after the first day of the month following, and that the local secretary was receiving and receipting therefor each month.

A case of striking similarity is that of Modern Woodmen of America v. Tevis (C.C.A.) 111 F. 113, 117, where the following pertinent observations are found:

"Habitual acceptance of premiums by an insurance company after they are due waives payment on the day. Any course of action by a society which leads one liable to a forfeiture honestly and rightfully to believe that by conformity thereto a forfeiture will not be incurred, followed by conformity, will estop the association from enforcing the forfeiture; and a fraternal beneficiary association, which, by its uniform course of dealing with its members, leads them to believe that the strict terms of their certificates relative to the prompt payment of assessments and the avoidance of the certificates are not and will not be enforced, is thereby estopped from defeating the certificate of a deceased member for default in prompt payment when he has paid his assessments in due time according to the customary course of collection, but, without notice of any change in this course, he has failed to pay some of them according to the strict terms of the by-laws and the contract. * * *

"According to the uniform method of collection pursued by the society and its agent, Tevis paid his assessments in time; and without previous notice to him of a change in this course of dealing the association was estopped from forfeiting his membership for his failure to pay them at the exact time fixed by the notices and the certificate."

True, that case involved the acts of the secretary of the local camp, and by virtue of our statute (section 8477, Code 1923) subordinate officers are without authority to waive any of the provisions of the constitution and by-laws of the association. Kiker v. Sovereign Camp, W. O. W., 232 Ala. 151, 167 So. 313. But it is now well settled by our decisions that the above-noted statute is confined to subordinates, and that the supreme camp, or its supreme officers, may waive conditions which were made for the benefit of the association. Sovereign Camp, W. O. W., v. Eastis, 210 Ala. 29, 96 So. 866; Kiker v. Sovereign Camp, W. O. W., supra. The principle of law therefore upon which the Tevis Case is rested finds application here.

It was open to the jury to find that the supreme secretary of the defendant was aware of the method of assessment payment by the insured; that they were habitually and uniformly not promptly paid during the month or on the first of the next, but a few days thereafter, and accepted and forwarded to the Sovereign Camp without any intimation to the insured that his standing in the order was in any manner injuriously affected, and that his certificate of insurance became invalid thereby. And it might well be inferred that insured was thus led to believe that this uniform method of payment met no disapproval, and that the more exact and prompt payment was by defendant waived. The jury could infer, therefore, that, according to this uniform method of collection pursued by the secretary of the local camp, and apparently approved by the Sovereign Camp secretary, insured had in fact paid his assessment in time, and that defendant had waived the provision of its law as to a more prompt payment.

This principle was recognized and given application by this court in U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646, and Home Protection Ins. Co. v. Avery, 85 Ala.

348, 5 So. 143, 7 Am.St.Rep. 54, and in the very recent case of Sovereign Camp, W. O. W., v. Waller, 232 Ala. 170, 167 So. 563, involving conduct, after knowledge, on the part of supreme officers of the defendant association.

The case of Sovereign Camp, W. O. W. v. Allen, 206 Ala. 41, 89 So. 58, rested upon facts entirely dissimilar to those here presented, and is of little practical value except as to the discussion of the matter of waiver, which is in harmony with our present conclusion.

If insured was in fact never suspended, the question of his illness, and whether or not any of the officers, either local or sovereign, had knowledge thereof, became immaterial, for the issue of fact does not concern reinstatement, but suspension only.

We conclude, therefore, for the reasons stated under the agreed facts, the question as to insured's suspension was one for the jury, and that the trial court committed error in giving for defendant the affirmative charge.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.