21 So.2d 839

**HOLEMAN v. QUICK.**

**6 Div. 296.**

Supreme Court of Alabama.

March 29, 1945.

Rehearing Denied May 10, 1945.

Griffith & Entrekin, of Cullman, for appellant.

Finis E. St. John, of Cullman, for appellee.

SIMPSON, Justice.

Henry R. McMurray died leaving a will in which his children (none minors) were the exclusive devisees. In it his second wife, Caroline, was not mentioned. His real estate consisted of a homestead, which, because of its small value and area, could have been adjudged as exempt to her in fee simple under the exemption statutes. His personal property was valued at about $2,200. Thus, had his widow asserted her exemption rights under said statutes, she could have acquired all of the real estate

and a substantial part of the personal property as her own absolutely.

She elected not to do so, however, and being of advanced age and having no other means of income, entered into a written agreement with her step-children (McMurray's heirs) whereby, in consideration of her relinquishment of her widow's exemption rights, she was to have the use, possession, and control of the homestead for life, and was empowered and privileged to use—sell, if desired—so much of the personal property as she might deem proper for her life's support.

One item of personal property, and subject of this suit, was the mortgage now held by appellee Quick, to whom the widow delivered it for his promise to care for her the remainder of her life. Quick fully executed his bargain in this regard, the widow is now deceased, and he has instituted the instant proceeding to foreclose the mortgage, making as parties respondent to the bill the said heirs of McMurray, who are denying his right and title to the mortgage and claiming title themselves.

■ It is contended by these respondents that first, their agreement aforesaid did. not authorize the appropriation by Mrs. McMurray of the mortgage in the manner stated, and if so, second, the agreement with Quick was really for the benefit of her aged and infirm brother, who was residing in the house too, and that this was such bad faith as precluded Quick's right to the mortgage or to enforce collection of it.

Both contentions have been decided as untenable. The case turns upon the following provision of said contract: "It is further agreed by and between the parties hereto that the said Caroline L. McMurray is to have the possession, use and control of all the personal property owned by the said H. R. McMurray at the time of his death, * * * for her support during the remainder of her life, and she is hereby authorized to collect the notes, mortgages and accounts owing to the said H. R. McMurray at the time of his death and is hereby authorized, if necessary, to institute suit thereon or other legal proceedings in her own name for the purpose of collecting said indebtedness and to use the same as she sees proper for her support during the remainder of her life; and whatever amount of said property is left

after her death * * * is to be divided equally between the children of the said H. R. McMurray, deceased."

The above-quoted provision vested in the widow the absolute power of disposition of any or all of the personal property as she saw fit; and at her death the residue remaining undisposed of, whatever that might be, would go to the respondent step-children. Mims v. Davis, 197 Ala. 88, 72 So. 344; Fillmore v. Yarbrough, ante, p. 375, 20 So.2d 792; §§ 76–79, Title 47, Code 1940.

■■ The respondents contend that the clause authorizing Mrs. McMurray to use the personal property, and to this end to "collect said indebtedness(es), and to use the same as she sees proper for her support," etc., limited her right to use ,only the proceeds of such collections for ithis purpose, and forbade the power to assign or to otherwise dispose of title to the' mortgage; that, as to the suit mortgage, her only right was to use the proceeds thereof, as the notes mentioned therein respectively matured and were collected.

We think, however, the plain intendment of the contract, considered in the light of its general purpose and design (which determines its construction—Himes v. Masonic Mutual Life Ass'n., 215 Ala. 183, 110 So. 133) indicates otherwise, and authorized the use, and immediate sale, of any or all of the personal estate of decedent for the purpose stated. The value of the personal property was small, and if Mrs. McMurray was to purchase that care and support in the sunset of her life, which was apparently intended by the contract, the mortgage, as well as its installment proceeds, was as much due to be used for such purpose. And under the authorities first above cited, when she executed the power conferred by transfer and delivery of the mortgage to Quick for that consideration which he fully executed, he became invested with the title thereof.

■ Even though the character of the transfer may not have been effectual to pass the legal title to the land described in the mortgage, it was efficacious to vest in appellee an equitable title authorizing foreclosure in equity. O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Simpson v. American Legion, 230 Ala. 487, 161 So. 705; Code 1940, Title 47, § 164.

■ In the absence of bad faith, it is not incumbent upon a purchaser at a sale

under a power to see that the purchase money is properly applied. 49 C.J. p. 1306, § 154. No bad faith on the part of Quick is shown and the court correctly so found. Merely because someone else resided in the house, too, and might have received some of the benefit of his services, does not evidence that fraud or bad faith of Quick as would forfeit his right to the mortgage. Bad faith or fraud is not presumed in law, nor is one due to suspect fraud in dealing with his fellow men in the absence of the indicia of fraud, or unless the transaction be fraudulent per se. Ala.Dig., Fraud, ☞ 50; Swarthout v. Ranier, 143 N.Y. 499, 38 N.E. 726. The record before us supports the adjudication of the trial court that there was no bad faith, and we here affirm the holding.

Another contention which we will advert to is that the testimony of appellee Quick, as regards his agreement with Mrs. McMurray and her transfer of the mortgage to him, was inadmissible. Section 433 of Title 7, Code 1940, is cited as sustentive. The insistence is without merit. Mrs. McMurray's estate is not interested in the result of the suit, nor was she acting in any representative or fiduciary relation with respondents in her transaction with Quick, and the cited statute is without application.

The decree of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.