136 So.2d 894

**Mrs. W. C. DANTZLER**

v.

**BAGBY ELEVATOR AND ELECTRIC
COMPANY.**

6 Div. 732.

Supreme Court of Alabama.

Jan. 18, 1962.

Whitmire, Morton & Coleman, Birmingham, for appellant.

Sadler, Sadler, Sullivan & Herring, Birmingham, for appellee.

STAKELY, Justice.

This is a suit brought by Mrs. W. C. Dantzler (appellant) against Bagby Elevator and Electric Company, a Corporation (appellee) for damages allegedly suffered by her by reason of the alleged negligence of the defendant's action through an employee of the defendant while acting within the line and scope of his employment. Trial of the case resulted in a verdict and judgment for the defendant.

There is one count in the complaint. According to its allegations on February 12, 1959 at about 11:30 A. M. the plaintiff was a pedestrian upon the public sidewalk in Birmingham which extends along the southerly side of 3rd Avenue, North between 19th and 20th Streets near the intersection of 20th Street. An employee of the defendant while acting within the line and scope of his employment negligently caused a large section of an electric trolley cable which was then and there strung along and above the southerly side of 3rd Avenue, North between 19th and 20th Streets to fall without warning to the plaintiff, in close proximity to the place where she was a pedestrian upon the sidewalk with a great force and a loud sound. The plaintiff not knowing that the electric trolley cable was going to fall was so frightened and terrorized from the falling cable and the sounds which accompanied the fall that she was caused to run in fright of imminent bodily injury and as she ran she slipped and fell and as a proximate consequence thereof was injured and damaged to the extent set forth in the complaint.

The defendant pleaded the general issue and contributory negligence. As originally filed demurrer was sustained to the plea of contributory negligence. The plea was then amended and demurrer thereto overruled. We here set out the plea of contributory negligence, as amended, as follows:

"2. Plaintiff was herself guilty of negligence which proximately contributed to her own injuries and damages in this: on the occasion complained of plaintiff was on the sidewalk on the South side of Third Avenue, as alleged in the complaint, and then and there this defendant's employees were engaged in the taking down of the trolley car cable system along Third Avenue, and that this work being done was open and visible to plaintiff, and that the cable located as plaintiff alleges in her complaint, and from which she ran, was open and visible to her, and that plaintiff knew or by the exercise of reasonable care should have known that there was no reasonable danger to her then and there from the falling wire and that nevertheless, she ran a great distance, to-wit, 10 steps, and then into the Farley Building located

at to-wit: 1929 Third Avenue, North, beyond the doors thereto located, to-wit: 6 feet from the South edge of the sidewalk, and there sustained the fall and suffered the injuries complained of."

I. It is insisted that the court was in error in overruling the demurrer to defendant's plea of contributory negligence as amended which has been heretofore set out. This ruling constitutes the only assignment of error on this appeal. This appeal is on the record only. There is no transcript of the evidence and the oral charge of the court is not made a part of the record.

■ Plaintiff demurred to the plea of contributory negligence on the ground, among others, that facts are not alleged to show any duty owed by the plaintiff to the defendant which the plaintiff breached. Appellant appears to rely primarily upon Pankey v. City of Mobile, 250 Ala. 566, 35 So.2d 497, and Crouch v. De Luxe Cab Co., 261 Ala. 239, 73 So.2d 743. The pleas in both of these cases differed materially from the plea interposed in the present case. Those pleas merely charged that "the plaintiff at the time and place complained of was herself guilty of negligence, which proximately contributed to the injury and damage complained of," alleging no acts or omissions on the part of plaintiff as constituting negligence or breach of duty. The present plea after referring to the complaint alleges the acts and conduct on the part of plaintiff which, it is charged, constituted negligence. Whether such acts and conduct, in the light of the evidence amounted to negligence, was a question for the jury to solve.

■ Emphasis is placed by appellants upon the statement made by this Court in Crouch v. De Luxe Cab Co., supra, in condemning the plea there involved that the plea "does not contain allegation of facts showing a duty ow[ing] by the plaintiff to the defendant". As will appear from a

more careful examination of our opinion in the Crouch case, it will be seen that we were dealing, not with pleas of contributory negligence in general, but with a particular situation presented not only by pleading but by evidence contained in the record there before us. But even if the plea in this case possessed some demurrable defect, the overruling of the demurrer would not constitute ground for a reversal. As we have said above, this appeal is on the record only, there being no transcript of the evidence, and the oral charge is not made a part of the record. In Miller v. Mutual Grocery Co., 214 Ala. 62, 106 So. 396, 397, we had this to say: "Injury is not presumed from error in rulings upon pleadings. Unless from the whole record it appears the error has 'probably injuriously affected substantial rights of the parties,' the cause will not be reversed because of such error." In that case, as in this, the record contained neither the evidence nor the court's oral charge. In that case it was said that we might assume that if the evidence and oral charge would have aided appellant's case, they would have been made a part of the record. In this case defendant pleaded not only contributory negligence, but the general issue. For aught appearing, the verdict for defendant may have been found because of no negligence on its part. In Bell v. Brotherhood of Railroad Trainmen, 214 Ala. 302, 107 So. 810, 811, this Court said:

"The general issue was pleaded, and, from aught appearing, the plaintiff failed to make out a prima facie case, and the trial court may have found for the defendant for this reason," citing Vines v. Buck, 207 Ala. 523, 93 So. 398.

Appellant contends that the rule of error without injury cannot be applied in this case because of the refusal of the trial court to give at plaintiff's request, and the giving at defendant's request of charges relating to contributory negligence. The argument seems to be that, since contributory negligence was presented as an issue to the jury, it may not be said that the verdict was

rested solely upon the plea of the general issue. With this we cannot agree. The cases of Miller v. Mutual Grocery Co., supra, and Black v. Sloss-Sheffield Steel & Iron Co., 202 Ala. 506, 80 So. 794, hold to the contrary.

No reversible error appearing, the judgment must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.