148 So.2d 633

Sam McDOLE

v.

Vera B. VINCENT.

Sam McDOLE

v.

Thomas H. VINCENT.

6 Div. 826, 827.

Supreme Court of Alabama.

Jan. 10, 1963.

Earl Hendon and London, Yancey, Clark & Allen, Birmingham, for appellant.

Cooper, Mitch & Crawford, Birmingham, for appellees.

GOODWYN, Justice.

Appeals from judgments of the circuit court of Jefferson County rendered on jury verdicts in favor of plaintiffs in two cases (45765–X and 45766–X) consolidated for

trial and, by agreement of the parties, submitted here on one record. Appellant in each case was the defendant in each case below. The appeals are on the record only. There is no transcript of the evidence; nor is the oral charge to the jury made a part of the record.

The only assignment of error in each case concerns the overruling of defendant's demurrer to the complaint.

■ Each complaint contains two counts, one charging negligence and the other wantonness. The plaintiff in case No. 45765–X claims damages for personal injuries she allegedly received when defendant drove an automobile into the rear of an automobile in which she was sitting "at or near the intersection of Tuscaloosa Avenue and 6th Street, Southwest, in the City of Birmingham, Alabama." In case No. 45766–X the husband of the plaintiff in case No. 45765–X makes claim for loss of his wife's services, for loss of consortium and for medical expenses and property damage. Each count in the husband's complaint alleges that, at the time of the collision, the wife "was sitting in an automobile owned by him at or near the intersection of Tuscaloosa Avenue and 6th Street, Southwest, in the City of Birmingham, Alabama."

The demurrer to each count in each complaint consists of two grounds. Only ground 1 is relied on, viz:

"1. The complaint does not sufficiently describe the place of the accident in either Count I or Count II of the complaint."

The argument here is that the counts are defective in not showing that the plaintiff in case No. 45765–X and the wife in case No. 45766–X, at the time of the collision, was at a place where the defendant owed her the duty of exercising due care not to collide with her. But that asserted defect is not "distinctly stated in the demurrer," as required by Code 1940, Tit. 7, § 236. Accordingly, nothing as to such defect is presented for review. Todd v. Devaney, 265 Ala. 486, 489, 92 So.2d 24; Campbell v. Jackson, 257 Ala. 618, 622, 60 So.2d 252; Housing Authority of Birmingham Dist. v. Morris, 244 Ala. 557, 561, 14 So.2d 527; Deslandes v. Scales, 187 Ala. 25, 28–29, 65 So. 393.

■ Perhaps a more compelling reason why there can be no reversal of the judgments is the absence of a showing that the rulings on the demurrers "probably injuriously affected substantial rights" of defendant-appellant (assuming, but without deciding, that the complaint in each case is demurrable on the ground relied on). As already noted, the appeals are on the record only. In Miller v. Mutual Grocery Co., 214 Ala. 62, 63, 106 So. 396, 397, it was said:

"Injury is not presumed from error in rulings upon pleadings. Unless from the whole record it appears the error has 'probably injuriously affected substantial rights of the parties,' the cause will not be reversed because of such error. * * *"

There, as in this case, the record contained neither the evidence nor the court's oral charge. It was said that we might assume that if the evidence and oral charge would have aided appellant's case, they would have been made a part of the record. It might well be that the alleged error complained of was cured by proof offered upon the trial of the case. See: Dantzler v. Bagby Elevator and Electric Company, 273 Ala. 189, 136 So.2d 894, 896; Ridgely Operating Company v. White, 227 Ala. 459, 462, 150 So. 693; American Ry. Express Co. v. Reid, 216 Ala. 479, 482–483, 113 So. 507; Supreme Court Rule 45, 261 Ala. XIX, XXXVII. Also, if the complaints are defective, as argued, any error in overruling the demurrers thereto might well have been cured by instructions of the trial court specially requiring proof of the omitted allegation. See: Best Park & Amusement Company v. Rollins, 192 Ala. 534, 535, 68 So. 417, Ann. Cas.1917D, 929; Southern R. Co. v. Dickson, 211 Ala. 481, 485, 100 So. 665;

There is no necessity of discussing any other reason, as argued by appellees, why the judgments should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.