**Andrew C. KOHEN, Plaintiff-Appellant,**

**v.**

**PREFERRED RISK MUTUAL INSUR- ANCE COMPANY, Defendant- Appellee.**

**No. 28365**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 20, 1970.

Don Conway, Mobile, Ala., for plaintiff-appellant.

Louis E. Braswell, Mobile, Ala., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM.

■ The present case concerns appellant's suit for coverage under the uninsured motorist and medical payments provisions of one of appellee's policies. The appellee defended on the ground that the policy was not in force at the time of the accident due to untimely remittance of premiums. The district court granted the Company's motion for summary judgment. We affirm.[1]

Appellant Kohen purchased the policy on October 30, 1965, paying the first six months' premium in cash. No evidence exists concerning the exact time of payment of the second six months' premium which was due April 30, 1965, although payment was made. The third premium was due October 30, 1966. Kohen received notice forms in October of 1966, advising him his premium was due, and in November of 1966, advising him his insurance was cancelled for non-payment but would be reinstated upon payment of the premium. He paid this third premium on November 21, 1966 and the check was processed on November 23, 1966.

On March 30, 1967 another premium notice (effective date April 30, 1967) was mailed. Kohen did not pay this premium. On May 22, 1967 Kohen was involved in an accident. On May 23, 1967 someone mailed his premium for

him. On May 24, he received a notice dated May 21, 1967 which read:

Your policy is not in force because we did not receive your premium. Was this merely an oversight on your part —for your protection we will reinstate your policy as of the time and date of receipt of your remittance.

This was the same notice received by Kohen when he failed to pay his October 1966 premium.

Appellant Kohen contends that the district court erred in granting summary judgment because two issues of fact exist which make the present case inappropriate for disposal under Rule 56, Federal Rules of Civil Procedure:

(1) The last premium payment prior to the accident carried the effective date of the policy through the date of the loss or, alternatively

(2) if the last payment prior to loss did not carry the coverage over then the defendant was estopped from asserting its forfeiture provisions relating to late payment of premium because past dealings had misled plaintiff into believing his policy would be continued in force notwithstanding premium notices relating to cancellation.

Appellant's contentions are clearly without merit. The policy itself is clear to the effect that renewals would be for *successive* periods of six months. Furthermore, the premium notice mailed to Kohen on March 30, 1967, stated:

PAYMENT BY EFFECTIVE DATE CONTINUES POLICY IN FORCE FOR PERIOD SHOWN. IF PAYMENT NOT MADE POLICY IS CANCELLED ON EFFECTIVE DATE.

■ Any argument appellant might raise in regard to his failure to receive a full six months insurance for his pre-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

mium must be rejected since he himself caused this failure. *See* De Walt v. State Farm Mutual, 8th Cir. 1940, 111 F.2d 699. We find nothing in the provisions of the policy to warrant a conclusion that renewal premiums, whenever paid, were for anything but successive periods of six months. No issue of fact is raised here.

Appellant's second contention, based upon estoppel, is similarly without merit. The only evidence before the court was the unrebutted deposition of the appellant, along with the pleadings and a copy of the policy. This deposition of the appellant shows without a doubt that he could not have been misled and was in fact not misled by the Company.

The law of Alabama is clear that one must prove (1) that habitual acceptance of late premiums led to (2) plaintiff's being misled to his detriment. Jones v. Sovereign Camp W.O.W., 233 Ala. 216, 171 So. 359 (1936). The deposition of the appellant, submitted by the Company, shows without a doubt that he could not have been misled by any prior acceptance of late premiums. The deposition contains the flat admission that he knew that the payment of the late premium on November 21, 1966 did not extend the old period or start a new period running. Kohen also admitted that he "didn't have any reason" for not paying his April 1967 premium. Furthermore, the facts show only one instance of acceptance of late premiums and reinstatement of the policy. All other issues aside, one instance does not establish a habit. Since this is so, we must reject appellant's contention that an inference can be drawn that the second premium was also accepted late, and we conclude that no issue of fact is raised here either.

Thus the unrebutted deposition of the appellant himself established that no genuine issue of any material fact existed and disposition under Rule 56 was proper. The judgment of the district court is affirmed.