JAMES F. CHASE vs. NEW YORK LIFE INSURANCE
COMPANY.
SAME vs. SAME.

Suffolk.   January 20, 23, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & LORING, JJ.

*Insurance, Life.   Contract,* Construction.

A contract in writing between a life insurance company and one of its agents pro-
vided, that, if the agency continued for one year and was not terminated by the
company for a violation of the agreement by the agent, the agent should be
entitled to renewal commissions on policies effected by him which accrued after
the termination of the agency provided the agent should "not be engaged in the
business of life insurance for any other company, in any capacity whatever, in
the State of Massachusetts, during the maturity of said renewal commissions."
The agent after more than a year of service was discharged by the company
without cause, and within a month thereafter entered the employ of another life
insurance company having its office in Boston. In an action by the agent on
the contract for renewal commissions thereafter accruing on policies effected
by him, it was *held*, that he could not recover, there being no agreement to pay
him commissions on renewal premiums after he had entered the employ of a
competitor.

LATHROP, J.   These are two actions of contract, in each of
which the plaintiff seeks to recover as damages for an alleged
breach of a contract in writing, his commissions upon renewal
premiums received by the defendant upon policies of life insur-
ance, procured by the plaintiff while acting as agent of the
defendant. The two cases were tried together without a jury
before the late Chief Justice of the Superior Court, who in both
cases found for the defendant, and in one case found for it in a
certain sum on a declaration in set-off. The case is here on ex-
ceptions by the plaintiff. No question arises concerning this
declaration in set-off, and the only question is as to the right of
the plaintiff to his commissions on the renewal premiums; and
this depends upon the construction of the contract.

The writs have different dates, and we assume that they cover
different periods of time.

The contract in question was entered into on January 14, 1898,
for the term of one year. It subsequently was extended by written

agreements to January 14, 1901. The plaintiff worked under the contract from its date, obtaining applications for life insurance upon which the defendant issued its policies, until he was discharged on August 13, 1900. This discharge was found by the court below not to be for cause.

On September 8, 1900, the plaintiff entered the employ of the United States Life Insurance Company, having its offices in Boston, and was so acting as manager at the time of bringing these actions. It was for so acting that a finding was made for the defendant in the Superior Court.

The second article of the contract provided : " It is agreed that the said party of the second part [the plaintiff] shall act exclusively as agent for said party of the first part [the defendant], and as such agent shall devote his entire time, talents and energies to the business of the agency hereby established."

By the sixth article, the district within which the plaintiff was to operate was Boston and vicinity.

The twenty-first article of the contract reads as follows : " It is agreed that said party of the second part shall be allowed, under this agreement, the following compensation only, unless otherwise expressly stipulated in writing, namely, a commission on the original or renewal cash premiums, which shall, during his continuance as said agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part up to and including the fifth year of assurance (should his agency continue so long) on policies of insurance effected with said party of the first part, by or through said party of the second part, which commission shall be at and after the following rates." Then follows a table of the rates which is not material to the consideration of the question presented.

The twenty-fourth article of the agreement reads as follows : " It is agreed that the renewal commissions which shall not have accrued at the termination of the agency created by this agreement shall, as they accrue thereafter, be passed to the credit of said party of the second part, if living, and in case of his death to his legal representatives, under the terms of this agreement ; provided, however, said agency shall continue for the period of one year from date hereof, and that said agency shall not be terminated by said party of the first part for a violation of this

agreement by said party of the second part, and that said party of the second part shall not be engaged in the business of life insurance for any other company, in any capacity whatever, in the State of Massachusetts, during the maturity of said renewal commissions."

In each case the Chief Justice made the following ruling: " This case does not involve the question whether a contract not to be engaged in the business of life insurance for any other company in Massachusetts could be enforced or would be void. There is no contract to pay or credit commissions on renewal premiums after the plaintiff entered or engaged in life insurance business for another company in Massachusetts."

None of the numerous cases cited by the counsel for either side contains a clause similar to the twenty-fourth article, and we must decide this case upon general principles of law applicable to the contract before us.

It is obvious at the outset that all the clauses must be considered together, and that the twenty-first clause applies only during the continuance of the plaintiff as agent, for five years. There are many cases which hold that under such a clause, the plaintiff cannot recover after he ceases to act as agent. *Stagg* v. *Connecticut Ins. Co.* 10 Wall. 589. *Jacobson* v. *Connecticut Ins. Co.* 61 Minn. 330. *King* v. *Raleigh*, 100 Mo. App. 1. *Ballard* v. *Traveller's Ins. Co.* 119 N. C. 187. Whether, if this cause stood alone, the plaintiff could recover, having been discharged without cause, is a question we need not decide, for it is to be construed in connection with the twenty-fourth article. This article begins with a general agreement as to renewal premiums, but this is subject to three provisos. We may assume that the first two provisos do not stand in the way of the plaintiff's recovery, but the third proviso cuts down the plaintiff's right of recovery to the case of his not being " engaged in the business of life insurance for any other company, in any capacity whatever, in the State of Massachusetts, during the maturity of said renewal commissions."

As the plaintiff sues upon the contract he must abide by its terms. His right to commissions on renewal premiums depended upon his abstaining from engaging in the business of life insurance in any capacity in the State of Massachusetts. He chose

to engage in such business, and we find no agreement in the contract to pay him commissions on renewal premiums, in case he chose to become a competitor of the defendant.

*Exceptions overruled.*

*C. F. Perkins & E. N. Curtis*, for the plaintiff.
*W. A. Morse*, for the defendant.

