FRANK W. HERRICK, trustee, *vs.* NEW YORK LIFE INSUR-
ANCE COMPANY.

Suffolk.    January 21, 22, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & LORING, JJ.

*Contract,* Performance and breach.    *Insurance,* Agent's commission.    *Agency.*

A master, to whom was referred a suit in equity by the trustee in bankruptcy of
an insurance agent against an insurance company to recover the amount alleged
to be due to the agent under a contract in writing between the agent and the
company as a percentage of renewal premiums paid to the defendant on policies
procured by the agent before his adjudication as a bankrupt, which was in
March of a certain year, found that one of the provisions of the contract be-
tween the agent and the defendant was that, if the agent, " during the maturity
of renewals provided in this agreement shall engage in the life insurance busi-
ness for any other company " in a certain territory, " all renewals which would
otherwise accrue thereafter shall be forfeited to the " company, and that, after
October 17 of the same year as that in which the agent was adjudicated a bank-
rupt, " the agent placed no insurance with the defendant company, but did place
insurance with other insurance companies without the defendant's consent." He
made no finding that any renewal premiums were paid to the defendant between
March and October.    The bill was dismissed and the plaintiff appealed.    *Held,*
that the bill rightly was dismissed, since it did not appear that anything was
due to the agent, whose trustee the plaintiff was, before October 17, and it did
appear that after that date nothing was due because the agent engaged " in the
life insurance business for " another company.

BILL IN EQUITY, originally an action at law, filed in the Su-
perior Court on April 7, 1904, for a percentage of renewal pre-
miums on life insurance policies alleged to be due as commissions
to Isador Wolffsohn, whose trustee in bankruptcy the plaintiff
was, as stated in the opinion.

The case was referred to John F. Brown, Esquire, as a master.
Besides the findings stated in the opinion, he found that on
March 27, 1899, the bankrupt owed the defendant $678.82.
Other material findings are stated in the opinion.    Exceptions
of both parties to the report were overruled by *Fox,* J., who
made a decree dismissing the bill.    The plaintiff appealed.

*R. S. Warner,* for the plaintiff.

*W. A. Morse,* (*F. J. Geogan* with him,) for the defendant.

LORING, J.    This is a bill brought by the trustee in bank-
ruptcy of an insurance agent to recover commissions due on

renewal premiums paid after the agent was adjudicated a bankrupt, on policies placed by the agent before the date of the adjudication.

The agent was adjudicated a bankrupt on March 27, 1899; he received his discharge in bankruptcy on April 30, 1900, and was formally reinstated as an agent of the defendant on May 3, 1900. The master found that during the period between March 27, 1899, and April 30, 1900, it was understood between him and the defendant company that he was to continue to work as before in spite of a letter dated September 9, 1899, written by the defendant company terminating his agency for cause. This letter was found by the master to have been written at the agent's suggestion with a view to help him in his bankruptcy proceeding, and that it was not intended to cancel the contract between him and the defendant company.

The original contract between the agent and the defendant company contains this provision : " It is agreed that if said party of the second part, during the maturity of renewals provided in this agreement, shall engage in the life insurance business for any other company in the territory herein provided, all renewals which would otherwise accrue thereafter shall be forfeited to said party of the first part, provided, however, said party of the second part may engage in the life insurance business in the service of some other company in said territory if the agency created by this agreement shall be terminated by said party of the first part without cause."

The master found that after October 17, 1899, the agent placed no insurance with the defendant company, but did place insurance with other insurance companies without the defendant's consent, and that on August 15, 1900, the defendant company rightfully discharged the bankrupt for cause. It follows that the commissions on the renewal premiums paid after October 17, 1899, were forfeited. See in this connection *Chase v. New York Ins. Co.* 188 Mass. 271.

It does not appear that any renewal premiums were paid between March 27, 1899, and October 17, 1899, and it does not become necessary to consider the interesting questions which would have arisen had it appeared that renewal premiums were paid during that period.

The plaintiff has not argued the several exceptions taken by him. We find no error in the decree of the Superior Court overruling them. We ought to add that there is nothing in the record showing what the cause was for which the master found that the bankrupt was rightfully discharged by the defendant on August 15, 1900.

The entry must be        *Bill dismissed with costs.*