## 7373

### BARTON v. TRAVELERS INSURANCE CO.

INSURANCE—FORFEITURE OF CONTRACT.—A "rider" attached to an insurance contract is held to be a part of the contract and by the terms of the contract so modified the agent has forfeited his right to renewal commissions by his having induced one or more persons holding policies in the contracting company to relinquish them and by his having entered the employ of another company to work in the same territory after the termination of the contract.

Before KLUGH, J., Greenville, June, 1908. Affirmed.

Action by W. A. Barton against Travelers Insurance Co. The decree on circuit is:

"On February 11, 1889, the plaintiff herein entered into a contract with the defendant by which he undertook to serve the defendant as district agent at Greenville, S. C., in soliciting life and accident insurance and in other matters connected with such agency. He was to receive as compensation for his services commissions at fixed rates on first annual premiums of both life and accident policies, and at less rates on renewals or annual premiums for subsequent years. Section 13 of the contract is as follows: 'Commissions on renewals shall be payable only on those actually collected and accounted for by the agent under this agreement, and termination hereof for any cause shall terminate all interest of the agent in renewal premiums and commissions thereon, except as hereinafter provided. If said agency shall be terminated by the death of the agent, or otherwise by the terms of this contract except for breach thereof by the agent, then the company shall and will pay to William A. Barton, said agent, or his legal representatives, renewal commissions at the rates herein provided, upon premiums received by the company for the renewal of life policies in force at the time said agency may so terminate, for the term of four (4) years after such termination and no longer, but nothing upon renewal of risks transferred from other agencies.'

"The modes or causes by which the agency might be terminated by the terms of said contract were, besides the death of the agent, the forfeiture by the agent of his rights under the contract because of his violation of its provisions, or the giving of thirty days' written notice by either party to the other. No provision is made in the contract for its termination by the parties entering into a new contract of agency.

"The said contract continued in force until May 1, 1905, when it was terminated or superseded by a new contract

between the parties which was entered into on April 11, 1905. This new contract gave to the agent, apparently, a wider territory to work in and larger commissions on both first premiums and renewals than the old contract, and was more liberal to the agent in other provisions than the old contract had been. It contained a provision for the payment to the agent of a commission on life renewals for five years from the termination of the contract for any cause except violation of its terms by the agent, but stipulated expressly that if the agent should within one year from the date of termination of said contract enter the employment of any other life insurance company to work in the territory specified in said contract all right to further renewal commissions shall cease from the date of such employment. There was the further provision that if the agent shall leave the service of the company and shall induce a policy holder to relinquish his policy, the agent shall forfeit any interest in renewal commissions that he might otherwise be entitled to under the contract, and also the provision that if the agent shall neglect to report and pay over premiums or shall otherwise violate any of the provisions of the contract, all his rights under the contract, including the right to commissions on renewals shall forthwith terminate. It was further provided that all former contracts between the parties were cancelled, and lastly that either party may terminate the contract by giving to the other party seven days' notice in writing to that effect, and the power of the agent to collect and receive premiums shall cease with the termination of the contract.

"It thus appears that the contract of February 11, 1899, was terminated by the contract of April 11, 1905, and not by anything in the terms of the first mentioned contract. It follows that the interest of the agent in commissions on renewals under said contract was also terminated, and nothing in the contract of 1905, as originally entered into, saved such commissions to the agent. This appears to have been

the view taken of the matter by the parties themselves, for
after the said contract of 1905 had been entered into, addi-
tional stipulations intended to secure to agent such renewal
commissions were agreed upon and signed by parties. These
stipulations, which also covered other matters relating to
renewal commissions, were styled a 'rider attached to and
forming a part of agency contract between The Travelers
Insurance Company and William A. Barton, dated April 11,
1905.'

"The last mentioned contract was terminated in Novem-
ber or December, 1905, by the company giving the stipulated
seven days' notice to Mr. Barton. Thereafter the agent
demanded of the company his renewal commissions on poli-
cies secured by him under the contract of 1899. The com-
pany declined to pay these, and this action was then brought
by Mr. Barton to recover such renewal commissions, claim-
ing that at least $800 was due him on account of such com-
missions, and asking for an accounting by the company to
ascertain the amount of such commissions. The company
in its answer denied its liability to the plaintiff, and alleges
that whatever interest he may have had in renewal com-
missions has been forfeited by his having induced one or
more policyholders of the company to relinquish their pol-
icies in the company, and by his having within one year after
the termination of said contract entered the employment of
another life insurance company to work in the territory
covered by his contract with the defendant, contrary to the
stipulations of said contract.

"The case was referred to the master who has taken a
mass of testimony and filed his report in favor of the claim
of the plaintiff. The case was argued before me on excep-
tions to said report. I do not deem it necessary to consider
these exceptions separately. In my opinion the testimony
clearly establishes the violation of his contract by the agent
in both the particulars above specified, and the stipulated
forfeiture must fall thereon. Indeed, this does not seem to

be disputed by the plaintiff, and no claim is made for renewal commissions nor any other benefit during the contract of 1905. The contention is that the agent's right to renewal commissions on business procured by him for the defendant, before the contract of 1905 went into effect, does not depend upon the terms of that contract and cannot be forfeited by the violation of that contract on his part, but that such right is secured to him by the so called 'rider' attached to that contract, which it is claimed is not a part of that contract, nor subject to any forfeiture nor other provision stipulated in said contract. The whole controversy turns upon the question as to whether the said 'rider' is a part of the contract of 1905. This question, it seems to me, is conclusively settled by the 'rider' itself, which in its title or heading is declared to form a part of said contract dated April 11, 1905. If it forms a part it is as much subject to the provisions of that contract as any other part of the same. This being established, the forfeiture declared in that contract must apply to the rider as much as any other part of said contract.

"It is true that courts do not favor forfeitures, and in cases of doubtful construction will refuse to permit a forfeiture, or will adopt such construction as will save the forfeiture. But this is not a case of doubtful construction. The parties have made an agreement and couched it in plain language that is susceptible of but one meaning. That language declares a forfeiture upon certain facts. Those facts are established beyond question. The conclusion is irresistible.

"It follows that the master is in error. His report must be, and hereby is overruled.

"It is ordered and adjudged that the complaint be dismissed with costs."

From this judgment plaintiff appeals.

*Messrs. Haynsworth, Patterson & Blythe,* for the appellant, cite: *Rules for construction of contract:* 17 Ency., 18; 103 N. Y., 270; 62 L. R. A., 120.

*Messrs. Cothran, Dean & Cothran* and *Sanders & DePass,* contra.

November 18, 1909.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   This Court concurs in the opinion of the Circuit Judge, and, for the reasons therein stated, the judgment of the Circuit Court is affirmed.