Submitted on briefs July 12, affirmed September 20, argued on rehearing December 6, 1927, reversed on rehearing January 10, 1928.

## A. C. BOHRNSTEDT *v.* THE TRAVELERS' INSURANCE CO.

### (259 Pac. 419; 262 Pac. 938.)

Insurance—Finding That Insurance Company Waived Provision of Contract With Agent Authorizing Forfeiture of Commissions Held Sustained by Evidence.

1. In action by insurance agent to recover commissions on renewal premiums, evidence *held* to sustain finding that insurance company had waived provision of contract authorizing forfeiture of agent's right to commissions on renewal premiums if he failed to promptly remit premiums collected by him.

Insurance—Insurance Company Acquiescing in Agent's Failure to Promptly Remit Might not Forfeit Commissions Therefor, in Absence of Reasonable Notice of Intention to Require Prompt Remittance.

2.  Where insurance company had acquiesced in agent's breach of provision of contract which required him to promptly remit all premiums, and which authorized forfeiture of renewal premiums for failure to do so, the insurer might not urge a forfeiture because of such breach, in absence of reasonable notice to the agent that it intended thereafter to enforce the contract according to its terms.

Insurance—Insurance Agent Held not to Forfeit Commissions Because He Entered Employ of Another Insurance Company Within One Year, in View of Whole Contract.

3.  Insurance agent *held* not to forfeit commissions on renewal premiums because he entered employ of another insurance company within one year from termination of employment contract, where contract provided that, if agent at any time within one year from termination entered employ of another life insurance company, all right to further commissions on renewal premiums should cease, and also that commissions should be paid on renewal premiums after termination of agreement, except in case of violation of agent's obligations and contract was terminated by company without cause.

### ON REHEARING.

Insurance—Insurance Company Need not Pay Commission on Renewal Premiums to Agent Violating Contract by Entering Employment of Another Company—"For Any Cause Whatsoever."

4.  Insurance company held not liable to agent for commission on renewal premiums, where such agent entered employment of another insurance company within year after termination of contract, in violation of clause prohibiting such employment "within one year from date of the termination of this contract for any cause whatsoever," since words, "for any cause whatsoever," are equivalent to "without regard to the cause."

Insurance—Insurance Agent's Contract That Employment With Another Insurance Company After Termination of Contract Precluded Commissions on Renewal Premiums Held not "Penalty."

5.  Clause in insurance agent's contract providing that commissions on renewal premiums would not be paid if agent, within year from date of termination of contract, entered employment of another life insurance company, *held* not unenforceable as penalty.

Appeal and Error, 4 C. J., p. 643, n. 35.
Insurance, 32 C. J., p. 1078, n. 94.

From Marion: PERCY R. KELLY, Judge.

3.  Right of insurance agent to commissions on renewal premiums after termination of agency, see notes in 7 Ann. Cas. 1169; Ann. Cas. 1912A, 529; 35 L. R. A. (N. S.) 153. See, also, 14 R. C. L. 868.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carey & Kerr, Mr. Charles A. Hart* and *Mr. Marvin K. Holland.*

For respondent there was a brief over the names of *Mr. William H. Trindle* and *Mr. W. C. Winslow.*

BELT, J.—This is an action to recover commissions on renewal premiums under an agency contract into which plaintiff and defendant insurance company entered on March 24, 1917. The contract continued in effect until June 8, 1921, when it was terminated by the defendant. The controversy arose over the payment of commission upon renewal premiums which accrued and were paid within four years after the termination of the contract. The agreement, in part, provides:

"(7) If the agent shall neglect to report and pay over premiums collected by him as provided herein, or shall otherwise violate any of the provisions hereof, all of his rights under this contract, including the right to commissions on all premiums payable thereafter and on renewals of all policies written hereunder, shall thereby forthwith terminate. * *

"(9) All moneys and other property collected or received by the Agent for or on behalf of the Company shall be held in a fiduciary capacity, and shall not be used by him for any purpose whatsoever except as herein specifically authorized, but shall be delivered as soon as possible to the Company, or to the cashier at the Branch Office to which the Agent reports, or to his Manager or other authorized representative of the Company upon demand.

"Part 2.   On Renewal Premiums.

" \* \* If this contract shall be terminated after the Agent has been continuously in the service of the Company for five years, except for violation of his obligations hereunder, or shall be terminated by the death of the Agent prior thereto, the Company will pay to his executors or administrators, or to such person as he may designate with the consent of the Company, the commissions at the above rates on renewal premiums for a period of five years from the date of the termination of the contract; but in no case shall any commission on renewal premiums be payable on any Life or Endowment policy after the tenth year of insurance or on any Term policy after the fifth year of insurance.

"If this contract shall be terminated before the Agent has been continuously in the service of the Company for five years for any cause except the death of the Agent, (when renewal commissions as per the preceding paragraph shall be paid,) and if the Agent has not violated any of his obligations hereunder, the Company will pay to the Agent, or to such person as he may designate with the consent of the Company, commissions on renewal premiums at the above rates for the period stipulated in the following table; but in no case shall commissions on renewal premiums be payable on Term policies after the fifth year of insurance. \* \*

" (19) Either party to this contract may terminate same by giving to the other party seven days' notice in writing to that effect, and the power of the Agent to collect and receive premiums shall cease with the termination of this contract."

Plaintiff alleges performance of the above contract and a waiver of the strict performance of that portion thereof designated as paragraphs 7 and 9, pertaining to the remittance to the insurance company of premiums collected by him.

The defendant insurance company contends that plaintiff is not entitled to commissions on renewal premiums for two reasons: (1) that he breached the contract by failing to remit premiums in accordance with its terms; (2) that, in violation of the terms of the contract, plaintiff, within a year after termination thereof, entered into the employment of a competitive life insurance company doing business within the district specified in the agency contract. The cause was submitted to a jury and a verdict returned in favor of plaintiff for $1,074.86. Defendant appeals.

There are two vital questions: (1) Is there any evidence to support the finding of the jury that the defendant insurance company waived the strict performance of the terms of the contract relative to the remittance of premiums collected by plaintiff? (2) Did the court properly construe the contract relative to the right of plaintiff to a commission on renewal premiums, in the event of employment by another insurance company within one year after the termination of the contract?

1. There is no express waiver involved, but, in our opinion, there is evidence tending to establish that defendant impliedly relinquished its right to strict enforcement of the contract requiring plaintiff promptly to remit insurance premiums collected by him. The record discloses that plaintiff, over a course of years, was very dilatory in making remittances. Defendant, however, did not at any time give notice that it would terminate the contract on account of such breach. It charged plaintiff on its books for premiums collected by him from time to time. The correspondence indicates a continual effort on the

part of the company to secure a satisfactory settlement of such account.    It is stated in 13 C. J. 609:

" * * * after a party has acquiesced in a breach of the contract, he cannot thereafter urge a forefeiture because of such breach, unless he has given reasonable notice of an intention thereafter to enforce the contract according to its terms."

2. No notice was given of an intention to demand strict compliance with the terms of the contract relative to the manner of making remittances.    Indeed, when the contract was terminated no reason was assigned therefor except that it was done "in accordance with its terms and conditions."    The jury was ably instructed upon the law of waiver and its finding of fact on that issue is conclusive.    It is not deemed necessary to review the evidence at length.

3. Defendant contends that it is entitled to a directed verdict since it is admitted that plaintiff, within a year after the termination of the contract, entered the employment of another insurance company.    Reliance is placed upon the following provision of the contract:

"If the Agent shall at any time within one year from date of the termination of this contract for any cause whatsoever enter the employment of any other life insurance company to work in the territory specified in Section 1, all right to further commissions on renewal premiums shall cease with the date of such employment."

If we were to look solely to that part of the contract above quoted, this contention would have much merit, but not so when the contract is considered in its entirety.    The second paragraph above quoted in "Part 2, On Renewal Premiums" provides for payment of commission on renewal premiums after

termination of the agreement "except for violation of his obligations hereunder." In other words, if plaintiff complied with his contract, the insurance company agreed to pay commission on renewal premiums. This is somewhat inconsistent with that portion of the contract upon which defendant relies, but we believe it was not within the contemplation of the parties that plaintiff would be obliged to forfeit commission on renewal premiums unless he had failed to comply with the terms of the contract. The jury found that plaintiff had not defaulted in the performance of his contract and it, therefore, follows that it was terminated by defendant without cause. Certainly defendant had the right to terminate this contract without assigning any reason therefor, but it does not follow that plaintiff would forfeit his right to commission on renewal premiums merely because he has entered the employ of another insurance company after his contract had thus been terminated. We approve the construction given this agreement by the trial court.

The judgment is affirmed.              AFFIRMED.

---

Reversed on rehearing January 10, 1928

ON REHEARING.

(262 Pac. 938.)

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Marvin K. Holland,* with an oral argument by *Mr. Charles A. Hart*

For respondent there was a brief and oral arguments by *Mr. W. H. Trindle* and *Mr. W. C. Winslow.*

BELT, J.—We confess error in the former opinion (259 Pac. 419). Pride of opinion should never be permitted to prevail over logic and reason. Stubborn adherence to an erroneous conclusion ill becomes any court.

4. The sole question for consideration is whether the plaintiff should be denied the right of recovery for commission upon renewal premiums by reason of having accepted the agency of a rival insurance company within one year after the termination of his contract. So far as material herein, the contract provides:

"If this contract shall be terminated before the agent has been continuously in the service of the company for five years for any cause except the death of the agent (when renewal commissions as per the preceding paragraph shall be paid), and if the agent has not violated any of his obligations hereunder, the company will pay to the agent, or to such person as he may designate with the consent of the company, commissions on renewal premiums at the above rates for the period stipulated in the following table; but in no case shall commissions on renewal premiums be payable on term policies after the fifth year of insurance. * *

"(19) Either party to this contract may terminate same by giving to the other party seven days' notice in writing to that effect, and the power of the agent to collect and receive premiums shall cease with the termination of this contract."

The forfeiture clause provides:

"If the agent shall at any time within one year from date of the termination of this contract for any cause whatsoever enter the employment of any other life insurance company to work in the territory specified in section 1, all right to further commissions on renewal premiums shall cease with the date of such employment."

It will thus be seen that plaintiff's right to commission on renewal premiums is predicated upon two propositions: (1) that he has not violated any of the obligations of his contract; (2) that he has not entered the employment of any other life insurance company, to work in the territory specified, within one year from date of the termination of the contract. If our construction of the contract, as stated in the former opinion, is correct, namely, that plaintiff would be entitled to commission unless he had breached the contract, then the forfeiture clause is superfluous. The parties had already specifically stipulated that no commissions would be paid if the plaintiff violated any of his obligations under the contract. The error in the first opinion resulted from an attempt to harmonize these two parts of the contract, whereas they provided for separate and distinct contingencies. In our effort so to do we entirely destroyed the force and effect of the forfeiture clause. It is argued that "a termination of this contract for any cause whatsoever" means that there must be some reasonable cause and it was not within the contemplation of the parties that the insurance company could arbitrarily or capriciously deprive plaintiff of commission on renewal premiums. If the words, "for any cause whatsoever," had been eliminated and the clause read thus: "If the agent shall within one year from date of the termination of this contract enter the employment of any other life insurance company," then, we think, without doubt, that there could be no recovery. The additional words: "for any cause whatsoever" merely emphasize the matter of forfeiture and are equivalent to "without regard to the cause." A case particularly in point is

*Chase* v. *New York Life Ins. Co.*, 188 Mass. 271 (74 N. E. 325), wherein the court said:

"As the plaintiff sues upon the contract he must abide by its terms. His right to commission on renewal premiums depended upon his abstaining from engaging in the business of life insurance in any capacity in the state of Massachusetts. He chose to engage in such business and we find no agreement in the contract to pay him commissions on renewal premiums in case he chose to become a competitor of the defendant."

5. There is no merit in the contention that the forfeiture clause is unenforceable as a penalty. A somewhat similar clause was under consideration in *Wallace* v. *American Life Ins. Co.*, 116 Or. 195 (237 Pac. 974), and was there given full force and effect.

In view of the fact that plaintiff, in violation of the terms of his contract, entered the employment of another insurance company within a year after the termination of the contract, it follows that the defendant was entitled to a directed verdict.

The judgment rendered in favor of plaintiff is reversed and the action dismissed.

REVERSED AND CASE DISMISSED.