Carr, J.:
This is an action of contract brought in the Small Claims Division of this court and before us on report by the *trial judge under rule 16, relating to procedure in that division.
It seems that on April 9,1932, before the plaintiff received a license from the Insurance Commissioner to act as an insurance agent, he recommended H. C. Bronsdon, Jr., to the defendant and negotiated with him the policy in question. The policy was issued April 9, 1932. On April 8, 1932, the plaintiff had applied to the defendant to become its agent to write accident and health insurance. The report does not say when the agency was granted but it does appear that the plaintiff was licensed to act as an agent by the Insurance Commissioner on April 28, 1932, and that this license was renewed on July 1, 1932, and expired on June 30,1933, and not renewed.
On each anniversary of the policy to and including April 9, 1936, the policy was renewed. No new policy was issued but a Renewal Certificate was each time executed by the company. The material terms of this were that the company, in consideration of the premiums, “agrees to continue in force the (original) policy subject to all of its terms, limits and conditions for twelve months.”
*Duff, J.
*516 There was evidence that the plaintiff was paid a commission on the original premium. It appears that he was paid a commission on the 1933 and 1934 renewals. Not being paid for the 1935 renewal he brought suit (in the Small Claims division) and recovered his commission. Again in 1936 he was not paid and the present proceeding is to recover a commission on the 1936 renewal premium.
By answer and brief the defendant has raised several issues in defence of the plaintiff’s claim. If we understand them correctly, two assert that no contract to pay premiums to the plaintiff could legally be made; two assert that no such contract was made.
On the subject of illegality the first proposition of the defendant is that as the plaintiff was not a licensed agent within the provisions of Gen. Laws (Ter. Ed.) Ch. 175, §§ 162, 163, on or before April 9, 1932, when he negotiated for this insurance with Mr. Bronsdon, he could not recover compensation for so acting. In so far as this relates to the first commission we think the defendant is correct. Pratt v. Burdon, 168 Mass. 596.
Its second stand on the subject of illegality is that regardless of whether the plaintiff were a duly licensed agent when he obtained the insurance, the defendant would be subject to a penalty if it paid him compensation subsequently accruing if at the time of payment he had ceased to be a licensed agent, and that consequently a contract to make such payment is void. The defendant relies on Gen. Laws (Ter. Ed.), Ch. 175, §177, which, omitting words unnecessary for this purpose, provides that no company shall pay compensation to any person for acting as an insurance agent who is not then duly licensed as an insurance agent of the company for which he assumes to act. It insists that the word “then” in this section refers to the time of payment. This section has never been interpreted by the *517 Supreme Judicial Court, but the construction called for fails to consider the full wording of sentence. In the words “not then licensed as agent of the company for which he assumes to act” “then” refers to the time of acting; if “then” referred to the time of payment the words “for which he assumes to act” would have no meaning. One does not act for a company when he receives his compensation from it. The statute only forbids the company to pay compensation to a person who is not licensed at the time he renders the service.
The effect of these several sections, as thus interpreted, we shall consider later.
The other contentions of the defendant, as we understand them, are first that there could be no contract with the defendant to pay commissions on renewal premiums and that if there were such a contract it ceased with the termination of the agency.
As to the first, the contention is that the renewal of an insurance policy is a new contract and that an agent is not entitled to commissions on renewals. On the question of whether a renewal of a policy is a new contract, there is a conflict of authority. There is reputable authority that the renewal does not make a new contract. Grand Lodge v. Mass Bonding & Ins. Co., 324 Mo. 938, and equally reputable that it does. Brady v. North Western Ins. Co., 11 Mich. 425. On this subject see cases collected in the foot note to Leonard v. Aetna Cas. & Ins. Co., 80 Fed. 2d 205, 206.
It might appear that Massachusetts had joined those who hold that a renewal of a policy is a new contract. Epstein v. Northwestern Nat. Ins. Co., 267 Mass. 571, 574. But the original papers of that ease show that a new policy was issued by the defendant insurance company, which merely recited that it renewed a previous one. That, is quite different from the situation before us where no new policy *518 was issued but an agreement was executed by the defendant merely renewing a previous policy. We assume that by new contract is meant an entirely new and original undertaking and that the question must be decided on the wording of whatever document is before the court. There is no ground to dispute that a new policy is a new contract. A contract whereby, as here, a company “agrees to continue in force (an existing) policy subject to all of its terms, limits and conditions for twelve months” in our opinion is new only to the extent that it introduces a new time limit for performance. Such an extension in our opinion does not make the insurer liable for twice the face of the policy. The situation is no different than it would have been if the policy had originally been issued for the longer term. If it appeared that a loss had occurred during the original term, and then a loss of the full amount during the second term, the insurer would not be liable for the total of the two losses, but only for the total to the extent of the face of the policy. The extension of the time for payment of a note does not make the promisor liable for twice the amount of the note any more than the extension of time for performance of a building contract requires the builder to produce two buildings instead of the one originally specified.
The final contention of the defendant seems to be that the plaintiff ceased to be its agent when his license expired on June 30, 1933, because thereafter he could not legally act as agent, and that his right to compensation then ceased under the terms of his appointment, which contains these words, — “The corporation or the agent may at any time terminate this agreement and close the agency and thenceforth all commissions shall cease.” There is no evidence that the defendant did any act to terminate the agency. There is no question that an insurance company may make *519 a contract with its agent whereby his right to compensation shall end when he ceases to be agent. Feeney v. Metropolitan Life Ins. Co., 262 Mass. 238. Herrick v. N. Y. Life Ins. Co., 202 Mass. 478. Chase v. N. Y. Life Ins. Co., 188 Mass. 271.
But whether a renewal is a new contract and whether a right to compensation may cease with the agency, the first question is what was the agreement in the case for decision. We accept the quotation from 79 A. L. R. 475, set forth in the defendant’s brief, — “It is a well established rule that the right of an insurance agent to commissions on renewal premiums depends upon the contract existing between the agent and the insurance company or one of its general agents.”
Though we have dealt with the defendant’s contentions they relate to academic questions. The original contract in which the plaintiff figured rightly or wrongly was made in 1932 and it could have been found that he was paid his commission for his services in placing it. That no longer need be considered. The policy was renewed in 1933 and in 1934 and each time the plaintiff received a renewal commission. In 1935 the policy was again renewed, and the plaintiff not being paid, sued for and recovered his commission. Putting aside the original acts of the plaintiff, the continued payment of renewal commissions was enough to warrant the finding of a contract to pay commissions on such renewals. It must be remembered that at no time after June 30, 1933, was the plaintiff licensed as agent by the Commissioner of Insurance, so that at no time except between April 28,1932, when he was first licensed, and June 30, 1933, when his license finally expired could he legally take part in obtaining renewals of the policy. In other words, no discharge having been pleaded, there is no issue in the pending proceeding to recover a commission on the 1936 renewal which was not before the court in 1935.
*520 Where the parties are the same and the issues are the same, the facts essential to the issues involved in the first action cannot be litigated again in a subsequent action. Foye v. Patch, 132 Mass. 105. Magaw v. Beals, 272 Mass. 334, 338.
Unless there had . been a contract to pay commissions on renewals, there could have been no recovery in the action for the 1935 commission. The establishment of this fact in our opinion binds the defendant.
The fact that the original acts of the plaintiff may have been illegal does not affect this conclusion. It was as much involved in the 1935 trial as here. A trial court is required to take judicial notice of general laws and would take notice of the provisions of Gen. Laws (Ter. Ed.), Ch. 175. Brodsky v. Fine, 263 Mass. 51, 54. If the illegality is such that it need not be set up in the pleadings the court will take notice of it. Nowell v. Equitable Trust Co., 249 Mass. 585, 595, 596. It must be assumed that the court did not give force to a contract based o.n such illegality. There is a presumption in favor of regularity. Wigmore on Evidence, §2534.
As was said in Rice v. Merrill, 215 Mass. 419, 423, “We do not know what evidence was heard or what findings were made; and every presumption is to be made in favor of the action of the court.” A finding based on a legal contract was possible. At the time of the first renewal of the policy, the plaintiff was a duly licensed agent. The plaintiff being then legally capable of giving service in obtaining the renewal, the defendant could then legally have made a contract with the plaintiff to pay commissions on renewal of premiums.
We think there is nothing before us which the defendant is entitled to litigate.
Report dismissed.