## Lorch v. Kentucky Home Mut. Life Ins. Co.

Dec. 20, 1940.

Churchill Humphrey, Judge.

Grover G. Sales and Selligman, Goldsmith, Everhart & Greenbaum for appellant.

L. H. Hilton and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, H. R. Lorch, was for many years a general agent of the Inter-Southern Life Insurance Company and by his agency contract would, at the time

of filing of this action, have been entitled to receive renewal commissions from the Inter-Southern aggregating $3,343, if it had then been a going concern, provided he had not at that time forfeited his right to receive renewal commissions by accepting employment as agent by another insurance company. The agency contract provided that appellant should forfeit his right to receive further renewal commissions if he entered the service of another life insurance company.

The Inter-Southern was adjudicated insolvent on May 27, 1932, and placed in the hands of receivers. During the course of the insolvency proceedings, on August 8, 1932, the receivers effected a reinsurance agreement with the Kentucky Home Life Insurance Company, whose corporate name was later changed to Kentucky Home Mutual Life Insurance Company, by which the latter took over all assets of the Inter-Southern and reinsured the policyholders of the insolvent company with a lien created against policy values.

On July 1, 1932, subsequent to the adjudication of insolvency but before the reinsurance agreement was effected, appellant accepted employment as general agent of another life insurance company.

By clause 17 of the reinsurance agreement it was provided:

"The Company does not assume any agency contracts nor any contract with any agent of Inter-Southern, and does not agree to pay any agent or agents first-year or renewal commissions on business written prior to the date of the assumption of said policies as herein provided, but the Company reserves the right to assume, subject to the approval of the Commissioner, any such agency contracts and/or to pay any agents first-year and/or renewal commissions on business written prior to the effective date of this agreement, should it so desire."

In this action appellant sought to recover renewal commissions on all premiums which appellee had collected since the reinsurance agreement on business written by him for the Inter-Southern and on such business for the remainder of the renewal commission period fixed in his contract with the Inter-Southern. He also sought to assert a lien on premiums collected to secure the payment to him of such renewal commissions. On

final hearing the chancellor denied the relief sought and dismissed the petition. This appeal follows.

The appellee contended below and now contends that the agency contract between appellant and the Inter-Southern terminated as a matter of law upon the adjudication of insolvency but that in any event appellant had forfeited his right to renewal commissions by accepting employment as general agent with another company. The chancellor was of the opinion that Inter-Southern's insolvency terminated the contract and tersely and aptly expressed his view by saying: "Lorch can have no claim to the assets; they came through receivership's wringer dried of any claim of his."

Many cases are cited by counsel for appellee to the effect that a contract of this character is terminated by insolvency and receivership, one of which is Layton v. Illinois Life Ins. Co., 7 Cir., 81 F. (2d) 600, 603, in which the court briefly summarized the view taken in this line of cases by saying:

> "We think a fair construction of the contract as a whole indicates clearly that the right to renewal commissions is conditioned on the continued existence of the company and the continued collection of premiums."

However, it is pointed out by appellant, and it is true, that in all but one of the cases cited by appellee there was no reinsurance agreement and no taking over of assets of the defunct company by another company as was done here.

Appellant, in answer to this position, cites the Oklahoma case of General American Life Ins. Co. v. Roach, 179 Okl. 301, 65 P. (2d) 458, which deals with the identical situation confronting us (except that the forfeiture feature was not there involved) and holds that the agent was entitled to renewal commissions from a reinsuring company which took over the insolvent company's assets.

As opposed to this case, appellee cites People ex rel. v. Peoria Life Ins. Co., 303 Ill. App. 430, 25 N. E. (2d) 525, in which the Illinois court held there was no liability on the part of the reinsuring company to the agent. The court distinguished the latter case from the Oklahoma case in that there was no taking over of as-

sets by the reinsuring company as in the Oklahoma case (and as is the case here).

It may thus be seen that we are dealing with a disputed question, at least one not settled by any definite weight of authority, but it is a question which we find it unnecessary to decide since we have reached the conclusion that even though the decision in the Oklahoma case was sound yet appellant had no right of action against appellee because any such right he might have had was forfeited by his acceptance of an agency in another company or, at least, by his failure to terminate, or offer to terminate, that agency when the reinsurance agreement was effected.

The theory of appellant, in seeking to hold appellee for renewal commissions, is that appellee is a de facto successor in business to the Inter-Southern and, as such, by taking over its assets, became impressed with its liabilities, including the liability to pay renewal commissions. Conceding, arguendo, that this is true, it follows as the night the day that appellee in becoming impressed with the defunct company's liabilities also succeeded to its rights. Its succession to liability under the agency contract with appellant was accompanied by succession to the forfeiture provision in the contract— appellant must take the bitter with the sweet.

The validity of a forfeiture provision of this nature is well established. Wallace v. American Life Insur. Co., 116 Or. 195, 237 P. 974; Bohrnstedt v. Travelers' Insur. Co., 123 Or. 539, 545, 259 P. 419, 262 P. 938; Chase v. New York Life Insur. Co., 188 Mass. 271, 74 N. E. 325; Sutherland v. Connecticut Mutual Life Insur. Co., 87 Misc. 383, 149 N. Y. S. 1008; Herrick v. New York Life Insur. Co., 202 Mass. 478, 88 N. E. 1092; Seibel v. Commonwealth Life Insur. Co., 194 Iowa 701, 190 N. W. 173; Himes v. Masonic Mutual Life Ass'n, 215 Ala. 183, 110 So. 133; Barton v. Travelers' Insur. Co., 84 S. C. 209, 66 S. E. 118; Masden v. Travelers' Insur. Co., 8 Cir., 52 F. (2d) 75, 79 A. L. R. 469.

Counsel for appellant, in effect, concede the validity of such a provision but counter with the comment that in all the cited cases the insurance companies, at the time the agents severed their connections therewith and entered the service of other companies, were going concerns possessed of business interests to be protected

by the forfeiture provision and that the agents in changing representation acted on their own initiative. It is urged that it could not have been material to the Inter-Southern, after its insolvency, that appellant accepted employment with another insurance company since the purpose of the forfeiture provision ended with the beginning of the insolvency proceedings.

The correctness of appellant's differentiation may be conceded but, even so, it is not determinative of the question in his favor since he is not attempting to impose liability on the Inter-Southern but on a company which he contends is its successor in business. It may further be conceded, though not decided, that the mere acceptance of another agency after the Inter-Southern insolvency proceedings did not work a forfeiture in the event of the succession of another company to its business under such circumstances as to render the successor company liable for renewal commissions in the absence of a forfeiture, since appellant was not bound to anticipate that such a reinsurance agreement would be effected and was entitled to protect himself by accepting other employment. Nevertheless, when he sought to fasten liability on appellee as a successor in business to the Inter-Southern, appellant must at that time have been in a position in which he could have asserted liability against the Inter-Southern had it then been operating as a going concern. This he could not have done while holding an agency in another company. Had the Inter-Southern emerged from the insolvency proceedings under a reorganization plan, it could not with reason be contended that appellant could have demanded renewal commissions from it while he was holding an agency in another company in the absence of a waiver of the forfeiture provision.

Our conclusion is that appellant must fail in his action by reason of his failure to plead or prove an avoidance or waiver of the forfeiture provision. It appears that the appellee and appellant negotiated with each other as to a renewal of the agency contract and appellant was offered a new contract, which he declined because it was not as favorable to him as to the amount of renewal commissions he was to receive and as to other features. When these negotiations failed it was incumbent on appellant, in seeking to hold appellee on the original contract, either to plead an abandonment

of his new agency or a waiver of the forfeiture provision by appellee. There is neither pleading nor proof to this effect. The Inter-Southern could not have been required under the agency contract to pay renewal commissions to appellant while he held another agency— since appellant's claim is asserted under that contract, the very weapon he seeks to wield becomes a shield affording complete protection to his adversary.

Judgment affirmed.