[Civ. No. 22006.   Second Dist., Div. One.   Aug. 19, 1957.]

HARRY S. GORDON et al., Respondents, v. ROBERT SAMUEL WASSERMAN, Appellant.

Harry A. Franklin for Appellant.

Joseph Stell and Herbert Murez for Respondents.

DRAPEAU, J. pro tem.*—This is a similar case to *Gordon* v. *Landau,* (†Cal.App.) [314 P.2d 757], decided this day, and to *Gordon* v. *Schwartz,* 147 Cal.App.2d 213 [305 P.2d 117].

There is no need to repeat in this opinion the facts as to plaintiffs' business, and their relations with their customers and employees.   These may be read in the Schwartz and Landau cases.

Suffice it to say here that Robert S. Wasserman, defendant in this case, was also a collector-salesman for plaintiffs; that he quit their employ, went into the same business, and then used plaintiffs' lists to solicit customers for himself.

In this case the trial court adjudged damages for plaintiffs and enjoined any further use of their lists by defendant.

*Assigned by Chairman of Judicial Council.

†A hearing was granted by the Supreme Court on October 16, 1957.

Substantial evidence supports that part of the judgment. Therefore, these matters do not require further comment in this opinion.

■ But in this case this court must determine the validity of a contract between plaintiffs and defendant, in which defendant agreed not to solicit plaintiffs' customers for a year after the termination of his employment with them. This determination was not necessary to the decision in the Landau case.

Defendant contends that there was no consideration for the contract; that it is too vague and uncertain to be enforceable; that no wages or conditions of employment are specified in it; and that it has an unlawful object and is therefore void.

The last objection is the only one that merits any particular consideration.

It clearly appears in the contract that there was a consideration, and that it is neither vague nor uncertain. And to be valid it did not have to state wages or conditions of employment.

The last objection presents a more debatable question: Did the contract restrain defendant from engaging in a lawful profession, trade, or business, within the meaning of section 16600 of the Business and Professions Code? (*Cf.* Civ. Code, § 1598; Bus. & Prof. Code, § 16600; and *Aetna Bldg. Maintenance Co.* v. *West,* 39 Cal.2d 198 [246 P.2d 11].) That part of the contract necessary to a consideration of this question is as follows:

"(8) Collector-salesman further agrees that during the period of one (1) year immediately after the termination of his employment with the employer he will not, either directly or indirectly, make known or divulge the names or addresses of any of the customers or patrons of employer at the time he entered the employ of employer or with whom he became acquainted after entering the employ of employer to any person, firm or corporation, and that he will not directly or indirectly, either for himself or for any other person, firm, company or corporation, call upon, solicit, divert, or take away or attempt to solicit, divert or take away any of the customers, business or patrons, of the employer upon whom he called or whom he solicited or to whom he catered or with whom he became acquainted, or upon whom he called or to whom he catered after his employment with said employer.

"(9) Collector-salesman hereby consents and agrees that

for any violation of any of the provisions of this agreement, a restraining Order and/or an injunction may issue against him in addition to any other rights the employer may have.

"(10) In the event that the employer is successful in any suit or proceeding brought or instituted by the employer to enforce any of the provisions of the within agreement or on account of any damages sustained by the employer by reason of the violation by the collector-salesman of any of the terms and/or provisions of this Agreement to be performed by the collector-salesman, collector-salesman agrees to pay to the employer reasonable attorneys' fees to be fixed by the Court."

It clearly appears by the terms of the contract that it does not prevent defendant from carrying on a weekly credit, or any other business. He covenants not to use plaintiffs' confidential lists to solicit customers for himself. Similiar covenants have been held valid and enforceable in *King* v. *Gerold,* 109 Cal.App.2d 316 [240 P.2d 710], and in *Handyspot Co.* v. *Buegeleisen,* 128 Cal.App.2d 191 [274 P.2d 938].

Defendant finally contends that the complaint does not state a cause of action. Little needs to be said about this, for a reading of the complaint demonstrates that it does state a cause of action.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 10, 1957, and appellant's petition for a hearing by the Supreme Court was denied October 16, 1957.