[Civ. No. 33063.   Second Dist., Div. One.   Apr. 7, 1969.]

FRED G. BUSKUHL, JR., Plaintiff and Appellant, v. FAMILY LIFE INSURANCE CO. et al., Defendants and Respondents.

Zahradka, Glines & McNeil, Zahradka & Glines and Robert Glines for Plaintiff and Appellant.

McKenna & Fitting, Daniel N. Belin and Aaron M. Peck for Defendants and Respondents.

THOMPSON, J.—This appeal is taken by the unsuccessful plaintiff who sued upon a series of contracts claimed to entitle him to commissions on policies of life insurance sold by him as an agent or under his direction as a district manager of defendants (respondents). The commissions were claimed on life insurance premiums paid to respondents after appellant

had terminated his employment with them for policies sold while appellant was an agent and district manager.

The appeal involves (1) the sufficiency of evidence to support the findings by the trial court of the conduct of appellant which ended his right to receive commissions otherwise payable after termination of employment; and (2) the validity of conditions subsequent of employment contracts providing for the termination of commission payments by reason of that conduct.

We conclude that while certain of the findings of the trial court are not supported, and certain of the contractual conditions may be unenforceable, there is substantial evidence to support findings which trigger a termination of appellant's rights under valid and severable portions of the contracts.

## FACTS

Resolving all issues raised by conflicting testimony in favor of the findings of the trial court, the record presents the following facts. Respondent Family Life Insurance Co. is a corporation, and respondent Fessenden is its "account executive" supervising its sales activities in Southern California. The business of Family Life consists primarily of the writing of mortgage life insurance. The insurance is designed to cover the contingency of death of a borrower while his loan, secured by an encumbrance on his real property, is unpaid. Sales of the insurance are made from contacts furnished by the savings and loan institution making the loan, and premiums on the insurance are collected through the savings and loan.

Appellant was first employed by the company as a "servicing agent" on August 26, 1957.[1] The terms of his employment were embodied in a written contract which provided that he would be paid commissions on insurance sold by him. The commissions were to be computed as a percentage of premiums collected by the company for the first five years each insurance policy was in force, the commission rate being a set percentage of the first-year premium and a lesser percentage for each of the next four years. Commissions were payable for the term provided regardless of severance of the employment relationship but subject to other provisions of the contracts. The contract of August 27, 1957, was replaced by a similar written agreement of January 1, 1958. On October 10, 1960,

[1] The characterization of the relationship between the parties as employer-employee, principal and agent, or independent contractors is treated as not significant by the litigants. We use the employer-employee designation for convenience only.

Fessenden as account executive entered into a written contract with appellant approved by the company by which appellant was designated a district manager to assist the account executive. The October 10 agreement provided for override commissions payable to appellant on insurance sold by agents working under his supervision as well as for commissions on insurance sold by him personally. All commissions payable under the January 1, 1958, and October 10, 1960, agreements were to be computed in a fashion similar to that stated in the original contract of August 27, 1957. Paragraph 15 of the 1957 contract and paragraph 14 of the 1958 contract, after reciting the confidential nature of financial institution customers, each provided that the company might terminate the agreement and all claims to commissions that otherwise might be due if (among other reasons) the agent (here appellant) should injure the relationship between any financial institution customer and the company, should solicit or place insurance other than that of the company, or should induce or attempt to induce any agent of the company to discontinue representing the company for the purpose of representing another insurance company. The pertinent paragraphs provided that the right of termination was exercisable by written notice to the agent. Other paragraphs of the agreement provided for termination by the agent by 30 days' written notice to the company. The 1958 contract also, in subparagraph (f) of paragraph 15, provided that the agent "forfeited"[2] his right to renewal commissions if, after leaving the service of the company, he obtained a license to represent any other life insurance company. The 1960 contract in paragraph 13 included all of the termination and forfeiture-of-premium provisions of the 1958 contract. It also provided for termination and forfeiture if the agent should become an agent of another life insurance company without written consent or if the agent should induce or attempt to induce any financial institution client to discontinue cooperating with the company in the sale of insurance. The final signatures validating the various contracts were affixed in the State of Washington. The agreements were to be performed by appellant in California.

On May 20, 1963, appellant gave an oral 30-day notice that he was terminating his arrangement with respondents. On May 31, respondents, by a letter, acknowledged the receipt of the oral notice and stated that it was accepted in lieu of the

---

[2] We have considered the "forfeiture" provision for what it is and not for what it has been called by the contract.

written notice provided in the agreements. The relationship thus terminated on June 19, 1963.

Between June 19 and August 1, 1963, appellant obtained employment with Home Owners Security and became licensed to represent that organization. Home Owners Security was a competitor of respondents engaged in selling mortgage life insurance. After appellant ''left'' respondent Family Life, appellant contacted an executive of Beverly Hills Savings and Loan and told him of his new connection. Beverly Hills Savings and Loan subsequently switched its mortgage insurance contract to appellant's new employer. Appellant also contacted executives of First Federal Savings and Loan of Fullerton and of Santa Ana with respect to mortgage insurance business. However, those associations remained clients of respondents.

The day after appellant left the employ of respondent Family Life Insurance, he and Bob Wilson, an executive of Home Owners Security, visited Louis Gaylord, a servicing agent of respondent Family Life Insurance Co., at Gaylord's home. Appellant and Wilson told Gaylord of the advantages of ''going with them,'' including that of a generous commission arrangement. Gaylord did not accept the proposition. Appellant was successful in recruiting a former agent of Family Life, Sidney Withrow. His contact with Withrow was made, however, after Withrow had terminated his employment with respondent.

From June 19 to July 31, 1963, respondent Family Life continued to credit commissions to a debit balance in appellant's drawing account as premiums on business attributable to appellant were collected. On August 1, 1963, respondent Fessenden as account executive directed a letter to appellant stating that he was in receipt of information that appellant had become an agent for another life insurance company without obtaining Family Life's consent and that ''For this, and other good and valid reasons, any right to receive commissions which might otherwise be or become due under District Manager Agreement dated October 1, 1960, is hereby terminated, pursuant to paragraph 13 of said agreement.'' The letter also stated: ''This notice shall also terminate any other commissions or fees which are or may be terminable by notice by the undersigned.''[3] No commissions were paid or credited to appellant after August 1, 1963.

---

[3] Appellant has raised no issue of the sufficiency of the notice to support termination for reasons other than competitive employment. The

Appellant filed his complaint on February 18, 1964. The matter came to trial on May 10, 1967. By stipulation of counsel, accepted by the court, the trial was bifurcated with the issue of damages being reserved until after a trial on the issue of liability. At the conclusion of the trial on liability, the court found the following: (1) the terms of the contracts were as recited above; (2) appellant intended to abandon his contract with respondents when he gave notice of termination; (3) after the giving of notice, (a) he conducted himself so as to injure the relationship between Family Life and its financial institution customers, (b) he induced and attempted to induce financial institution clients of Family Life to discontinue cooperation with it in the sale of insurance, (c) he induced and attempted to induce agents of Family Life to discontinue representing it for the purpose of representing another insurance company, and (d) he caused insurance other than the insurance of Family Life to be placed for others; (4) after termination of his employment with respondents, (a) he became an agent of another life insurance company without respondents' consent, and (b) he secured a license to represent another life insurance company without respondents' consent. The trial court entered judgment for the defendants (respondents) on the basis of those findings and others not material to the issues raised before us. This appeal followed.

## SUFFICIENCY OF EVIDENCE

The findings of the terms of the contracts are not contested. The findings of the conduct by appellant as stated above are in question. We test the propriety of each of the contested findings of fact by a review of the record to determine whether there is any substantial evidence to support it. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367 [210 P.2d 757].) In so doing we find no evidentiary support for the proposition that appellant abandoned his contracts with respondents in the sense that he either breached those agreements or that he voluntarily gave up his rights under them. To the contrary, the evidence is uncontradicted that appellant gave notice of termination in the manner provided in the contracts except that the notice was oral rather than in writing. Both parties then expressly treated the notice as in lieu of one in writing. From that evidence, it cannot be concluded

matter not having been raised, we have treated the notice as adequate in all respects.

that appellant abandoned any rights he might have had after the termination of the employment relation in the manner expressly provided in the contracts.

There is substantial evidence that appellant caused injury to respondent Family Life in its relations with its financial institution customers. Beverly Hills Savings and Loan which had been a customer of Family Life switched to appellant's new employer after a visit from appellant. While the record also discloses that Beverly Hills Savings and Loan was contemplating a change at the time of the visit, the trial court was justified in drawing the inference that appellant's conduct caused the loss of the customer. The same evidence supports the finding of inducement to financial institution customers to discontinue cooperation with Family Life in the sale of insurance. Other evidence discloses attempts to induce First Federal Savings and Loan of Fullerton and of Santa Ana to do so also.

The evidence that appellant called upon Louis Gaylord, an agent of Family Life, and sought to recruit him as an employee of Home Owners Security supports the finding that appellant attempted to induce agents of Family Life to discontinue representing it for the purpose of representing another insurance company.

No contention is made by appellant of insufficiency of evidence to support the findings that appellant caused insurance other than the insurance of Family Life to be placed for others, that he became an agent for another life insurance company without respondents' consent and that he obtained a license so to represent another company also without respondents' consent.

Thus, there is substantial evidence that appellant acted in a fashion which by the terms of the contracts ended his right to commissions accruing after termination of the contracts if those terms are valid and enforceable. Appellant argues they are not.

### VALIDITY OF CONTRACTUAL PROVISIONS

■■■ The contracts defining the rights and duties of the parties to this action obligate respondents to pay commissions to appellant on premiums collected after termination of appellant's employment on certain insurance policies written during his employment. They also provide for termination of that obligation if appellant engages in various types of conduct described in the agreements. Appellant contends that the provisions for extinguishing the obligation are unenforceable

because enforcement will constitute a forfeiture and will be in restraint of trade.

■ At the threshold of consideration of appellant's contentions is the need to determine the applicable law. The contracts became effective when executed in the State of Washington; the performance of the contracts by appellant was to be in California. Whether the validity of the particular contractual provisions is to be tested by Washington or California law must be based not upon mechanical rules but upon the relative interests of the litigants and the involved states. (*Travelers Ins. Co.* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 7 [64 Cal.Rptr. 440, 434 P.2d 992] ; *Reich* v. *Purcell*, 67 Cal. 2d 551 [63 Cal.Rptr. 31, 432 P.2d 727].) Where the issue presented is one of forfeiture, the interest of the state which is the forum of the litigation and in which the contract is to be performed outweighs that of another state in which a litigant did no more than affix his signature to an agreement to be performed elsewhere. Where the issue is one of restraint of trade, the interest of the state in which the claimed restraint will occur overrides that of a state which has such a limited contact with the transaction. We conclude, therefore, that the validity of the contractual provisions is to be determined by the law of California, the place of performance.

## FORFEITURE

■ The issue of the characterization of a provision for termination of an insurance agent's right to future commissions on past business as a forfeiture was considered in *Bach* v. *Curry*, 258 Cal.App.2d 676 [66 Cal.Rptr. 220] (hearing denied by Supreme Court March 28, 1968). There, a provision for termination of the right upon termination of employment and nothing more was held not to work a forfeiture and to be enforceable. Analogy to *Bach* v. *Curry*, *supra*, impels us to conclude that a more precisely defined provision ending the employer's obligation to pay—one which becomes effective not by reason of termination of employment alone but only when that fact is coupled with other conduct—is not to be held unenforceable as working a forfeiture.

## RESTRAINT OF TRADE

■ Appellant's second argument—that the provisions for termination of right to commissions are in restraint of trade— raises an issue not so conveniently determined.

Business and Professions Code section 16600 states:

"Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The section invalidates provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so. (*Muggill* v. *Reuben H. Donnelley Corp.*, 62 Cal.2d 239 [42 Cal.Rptr. 107, 398 P.2d 147].)

The particular contractual conditions circumscribing appellant's conduct after termination of his employment, found by the trial court on substantial evidence to have been violated by him, must be examined in the context of Business and Professions Code section 16600 as so implemented.

The contracts conditioned appellant's continued right to unaccrued commissions on his not injuring Family Life in its relation with its financial institution customers. Related provisions imposed the condition that appellant not attempt to induce those customers to discontinue cooperation with Family Life in the sale of insurance. Such provisions do not, under the facts of this case, violate section 16600. In *Gordon* v. *Wasserman*, 153 Cal.App.2d 328 [314 P.2d 759] (hearing denied by Supreme Court October 16, 1957), Business and Professions Code section 16600 was held inapplicable to a provision in an employment contract which prohibited the employee from soliciting business from his former employer's customers for a period of one year after termination of employment where the employer's customer lists were confidential. The court in so holding stated that the provision did not prevent the former employee from carrying on a business. In the contracts under consideration, as in the agreement in *Gordon,* there is a limitation only upon dealing with customers of the former employer for a limited time (one year in *Gordon* and five years in the case at bar). To the extent that confidentiality of the identity of customers may be a necessary element to the application of the rule of *Gordon,* that element is present in the record before us. Each of the contracts contains a recital of the confidential nature of the financial institution customers, and no evidence was offered to rebut those recitals.

Appellant's continued right to commissions after termination of his employment was also conditioned upon his not attempting to induce agents of Family Life to discontinue their representation of that company for the purpose of representing another insurance company. That provision is not

such an inhibition upon a former employee's right to engage in trade, business, or profession as to be within the proscription of section 16600.

The provisions of the contracts terminating appellant's right to renewal commissions upon his becoming licensed to represent another insurance company or upon his becoming employed by another insurer may violate Business and Professions Code section 16600. (*Muggill* v. *Reuben H. Donnelley Corp.*, 62 Cal.2d 239 [42 Cal.Rptr. 107, 398 P.2d 147].[4]) We need not, however, decide that issue. Those conditions of the contracts between appellant and respondents which are enforceable terminated appellant's right to commissions unaccrued when the conditions occurred irrespective of the existence of another and possibly unenforceable condition which would also have terminated that same fight. (*Winston Research Corp.* v. *Minnesota Min. & Mfg. Co.*, 350 F.2d 134; *Mahlstedt* v. *Fugit*, 79 Cal.App.2d 562 [180 P.2d 777].)

## CONCLUSION

There is substantial evidence in the record before us to sustain the findings of the trial court that appellant's conduct made operative the conditions in his contracts with respondents which terminated his right to commissions accruing after the happening of the conditions. While certain of those conditions may be of questionable validity, others are enforceable.

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.

---

[4]The law of most other jurisdictions which have ruled on the proposition is contra. (*Himes* v. *Masonic Mut. Life Assn.* (1926) 215 Ala. 183, 185 [110 So. 133, 134]; *McPherrin* v. *Sun Life Assur. Co. of Canada* (1934) 219 Iowa 159, 160 [257 N.W. 316, 317-318]; *Lorch* v. *Kentucky Home Mut. Life Ins. Co.* (1940) 284 Ky. 828, 831 [146 S.W.2d 33, 34]; *Shuman* v. *Mutual of Omaha Ins. Co.* (1966) 350 Mass. 254, 257 [214 N.E.2d 76, 78]; *Herrick* v. *New York Life Ins. Co.* (1909) 202 Mass. 478, 479 [88 N.E. 1092, 1093]; *Chase* v. *New York Life Ins. Co.* (1905) 188 Mass. 271, 273 [74 N.E. 325, 326]; *Sutherland* v. *Connecticut Mut. Life Ins. Co.* (1914) 87 Misc. 383, 389 [149 N.Y.S. 1008, 1011]; *Barton* v. *Travelers' Ins. Co.* (1909) 84 S.C. 209, 213 [66 S.E. 118, 119]; *Stancliff* v. *Southland Life Ins. Co.* (Tex. Civ. App. 1943) 172 S.W.2d 521, 522.)